## LAYNE v. UNITED STATES et al.

(Circuit Court of Appeals, Seventh Circuit. December 2, 1924. Rehearing Denied January 14, 1925.)

### No. 3488.

1. **Army and navy ⟷51½, New, vol. 12A Key-No. Series—Evidence of change of beneficiary held insufficient.**

In suit on war risk insurance policy, evidence that insured stated that paper signed by him was to transfer insurance to his wife, which he said he was going to mail, but which never reached the War Department, and contents of which were not further proven, held insufficient to show actual written direction by insured making wife beneficiary.

2. **Army and navy ⟷51½, New, vol. 12A Key-No. Series — Evidence of prenuptial agreement by insured to make wife beneficiary of war risk insurance held insufficient.**

In suit by wife of insured under War Risk Insurance Act (Comp. St. §§ 514a–514j), evidence of promises by insured as to change of beneficiary held insufficient to show valid prenuptial agreement to change of beneficiary.

3. **Specific performance ⟷121(1)—Specific performance of prenuptial agreement for change of beneficiary of war risk insurance not decreed, in absence of clear and convincing proof of terms of agreement.**

There can be no decree for specific performance of a prenuptial agreement to make

wife beneficiary of war risk insurance, in the absence of clear and convincing proof of the existence and terms of the agreement.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit under War Risk Insurance Act (Comp. St. §§ 514a–514j) by Grace Edna Layne against the United States and others. Decree for defendants, and plaintiff appeals. Affirmed.

Oliver J. Cook, of Chicago, Ill., for appellant.

James A. O'Callaghan, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Appellant, called plaintiff, as the widow of Frank Chance Layne, sued the United States of America, Margaret Ella Birney, and Charles Wilson Layne, appellees, on the equity side of the District Court to recover $10,000 war risk insurance. The prayer of the bill is: (a) That the records of the Veterans' Bureau, concerning the war risk insurance of Frank Chance Layne, be made to conform to the true facts and show plaintiff to be the sole beneficiary; (b) that the contract and intention of Frank Chance Layne to make her the sole beneficiary be specifically performed; (c) that she have judgment against the individual defendants for whatever they have received on account of the insurance, and that the United States be enjoined from paying said insurance to any person other than plaintiff.

Three principal contentions are: (1) That there was an antenuptial agreement that, in consideration of plaintiff's agreement to marry, Frank Chance Layne would, after marriage, make plaintiff his sole beneficiary in his two policies; (2) that, after marriage, Frank Chance Layne had actually, by written direction, made plaintiff beneficiary under the two policies; (3) that Regulation 14 of the Bureau of War Risk Insurance, specifying the method necessary to effect a change in the beneficiary, is unconstitutional and void.

[1] 1. We have read carefully the whole unabstracted record in this case. Upon the question of the change in beneficiary from Layne's brother and sister, the individual defendants, to plaintiff, the whole of the evidence, taken most favorably to plaintiff, amounts to no more than that Frank Chance Layne said that a paper, then present and to which his name was signed, was made for the purpose of transferring his war risk insurance to his wife; that he took the paper and said he was going to mail it. Nobody read the contents of the paper, nobody saw it mailed, and Layne did not tell anybody that he had mailed it. That was a year or more after the marriage. If mailed, the paper did not reach the Department, and its contents were not further proven. So far as the record shows, it never passed out of the possession of Layne.

[2, 3] 2. On the question of the antenuptial agreement, the record shows that, in the course of correspondence in 1917, something was said by Layne about getting more insurance and making part of it payable to plaintiff after their marriage, but, so far as the letters in evidence indicate, the parties were then engaged, and, if so, the promise of marriage could not have been in consideration of such offers or promises. In February, 1919, plaintiff broke off the engagement, and she did not see Layne again until April 16, 1919, the day before their marriage. She said that, as a result of an argument, Layne made her two promises, one of which was "he said he would make me a beneficiary of his entire war risk insurance." When asked what else he said touching the insurance, the answer was, "Well, it concerned what Mrs. Birney had said." There was no stronger evidence of a prenuptial agreement.

Before there can be a decree for specific performance, proof of the existence of the agreement and of its terms must be clear and convincing. Dalzell v. Deuber Mfg. Co., 149 U. S. 315, 326, 13 S. Ct. 886, 37 L. Ed. 749; Hennessey v. Woolworth, 128 U. S. 438, 442, 9 S. Ct. 109, 32 L. Ed. 500.

The master and the court below would have been justified in finding that the strongest evidence, favorable to plaintiff upon the question of the alleged execution of the change of beneficiary and also upon the question of the antenuptial agreement, was open to a very grave suspicion; but, taken in the light most favorable to plaintiff, there is not sufficient evidence to sustain either contention. This being true, it is wholly immaterial in this case whether Regulation 14 is valid or not.

The decree of the District Court is affirmed.