**KINGSTON v. HINES, Director of U. S. Veterans' Bureau, et al.**

(District Court, W. D. Michigan. S. D. March 15, 1926.)

1. **Army and navy ⊜⟝51½, New, vol. 12A Key-No. Series—Proof only of intention of soldier to change beneficiary of his war risk insurance insufficient to effect such change.**

Proof that a soldier, having war risk insurance, had an intention to change the beneficiary, is insufficient alone to establish the fact that such change was made.

2. **Army and navy ⊜⟝51½, New, vol. 12A Key-No. Series—To effect change of beneficiary of war risk insurance, bona fide attempt, at least, must be made to comply with regulations (War Risk Insurance Act, § 402, as added [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514uuu]).**

Under War Risk Insurance Act, § 402, as added (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514uuu), which gives insured the right to change the beneficiary at any time, "subject to regulations," and regulation of March 20, 1918, requiring such change to be in writing, signed, witnessed, and recorded in the Bureau, to effect a change of beneficiary, such regula-

tion must have been complied with, or at least a bona fide attempt must have been made to comply.

3. **Army and navy ⊜⟝51½, New, vol. 12A Key-No. Series—Declaration of soldier that he had changed beneficiary of his war risk insurance held inadmissible as evidence of the fact, and insufficient, if admitted.**

Statement made in a letter from a soldier to his mother, written a few days before his death, that his insurance had been made out to her, the policy having previously been payable to his wife as beneficiary, *held* inadmissible, as hearsay and a mere conclusion, as evidence in support of the mother's claim, and insufficient to support the claim, if admitted, in the absence of evidence of any act done to effect a charge of beneficiary.

In Equity. Suit by Nellie A. Kingston against Frank T. Hines, as Director of the United States Veterans' Bureau, and others. Decree dismissing bill.

Harry C. Howard, of Kalamazoo, Mich., for complainant.

Howard A. Ellis, Asst. U. S. Atty., of Grand Rapids, Mich., and James T. Brady, Atty. U. S. Veterans' Bureau, of Washington, D. C., for the United States.

Myron H. Walker, of Grand Rapids, Mich., for defendant Kingston.

RAYMOND, District Judge. On March 6, 1918, Frank J. Kingston enlisted in the United States Army, and shortly thereafter applied for and was granted $10,000 war risk term insurance. The beneficiary designated was Laura J. Kingston, his wife, of Kalamazoo, Mich., one of the defendants herein. The soldier died August 16, 1918, following an operation for hernia at the government hospital at Hempstead, N. Y. The beneficiary lived with plaintiff, Nellie A. Kingston, the mother of the soldier, at Kalamazoo, Mich., until the month of July, 1918, when, as a result of misunderstandings between her and her mother-in-law, she went elsewhere to live. Following the death of the soldier, plaintiff, believing from correspondence received from her son that he had changed the beneficiary named in the policy, made claim to the proceeds. An investigation covering a period of several months was made by the Bureau of War Risk Insurance, but no evidence could be found in the records of the bureau, the post hospital, or elsewhere that any application had been made by the soldier to change the beneficiary. The insurance was thereupon awarded to Laura J. Kingston.

The bill of complaint in this cause was filed by plaintiff against Frank E. Hines, as Director of United States Veterans' Bureau,

United States Veterans' Bureau, United States of America, and Laura J. Kingston. The prayer of the bill of complaint is that plaintiff be declared to be the sole beneficiary under the life insurance policy referred to, that she recover the several sums of money stipulated in the policy, and that an injunction issue restraining further payments under the policy to defendant Laura J. Kingston. The bill has been dismissed as to Frank T. Hines, Director, and United States Veterans' Bureau. Proofs have been taken, from which it appears that the soldier, in response to a letter from his mother giving information which reflected seriously upon his wife's conduct, wrote plaintiff, indicating his intentions to procure a divorce from his wife. In this letter, which is undated, but evidently written a week or so before the soldier went to the hospital, he indicated his intention of making plaintiff the beneficiary. On July 22, 1918, he wrote a letter to his mother, in which he stated that he had written his wife a final letter, and then used the following language: "I also told her that I thought my death was what she desired, and told her I had made my insurance to you. I will this afternoon, if I can." On the same day he wrote a friend in Kalamazoo as follows: "I am going over to headquarters and have my insurance made out to mother, and then to the hospital for my operation." About July 22d he entered the hospital, and on August 1st, following the operation, he wrote his mother a letter, in which he said: "I don't remember whether I told you or not that I had my insurance made out to you."

The quotations from letters above referred to are the only evidence in the case which tend to establish the claimed fact of change of beneficiary. On the hearing of the case, much evidence was received tending, on the one side to prove, and on the other to disprove, indiscretions of defendant Laura J. Kingston. It is difficult to see how this evidence becomes important, other than that it tends to disclose facts which, if believed by the soldier, would constitute a reason for a desire to change beneficiary. The law expressly provides as follows: "Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries, but only within the classes herein provided." Section 402, Act Oct. 6, 1917, 40 Stat. 409 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514uuu). The soldier clearly had the right at any time to change the beneficiary, regardless of the existence or nonex-

istence of any reason for his action. The only limitations are that it must be "subject to regulations," and that the change must be "within the classes herein provided."

[1] Quotations from the letters above referred to leave no doubt that at the time of writing the letters the soldier intended to change the beneficiary. The only question in this case is whether the soldier carried that intention into execution. It is clear that mere proof of intention is insufficient.

[2] On March 20, 1918, the Director of the Bureau of War Risk Insurance promulgated a regulation with reference to change of beneficiaries, which was in force in July and August, 1918, which reads as follows: "Every change of beneficiary shall be made in writing and shall be signed by the insured and be witnessed by at least one person. No change of beneficiary shall be valid unless and until it is recorded in the Bureau of War Risk Insurance."

It is evident that there is no legal evidence in this case of compliance with these regulations. The question is whether the quotations from the letters referred to can be accepted as evidence, not only that the soldier, intended to change the beneficiary in the policy, but that he also carried that intention into execution. It will be observed that, with the single exception of the quotations from the letter of August 1st, the evidence referred to consists of nothing more than the expression of an intent to change the beneficiary at a later time. The only evidence, therefore, from which it might be found that steps were actually taken to change the beneficiary, is contained in the letter of August 1st, wherein the soldier stated that he did not remember whether he told his mother that he had his insurance made over to her. Careful consideration of this evidence leads to the conclusion that it cannot be accepted as establishing, either that the soldier complied with the regulations of the Bureau of War Risk Insurance above referred to, or that he did all that was in his power to comply with these provisions.

[3] Counsel for plaintiff cites the cases of Shepherdson v. United States (D. C.) 271 F. 330, Claffy v. Forbes (D. C.) 280 F. 233, and Farley v. United States (D. C.) 291 F. 238. In each of these cases, however, there was positive and competent legal proof that the soldier had actually taken steps to change the beneficiary. An examination of the authorities convinces the court that the letter of August 1, 1918, is inadmissible to establish the alleged fact of change of beneficiary. It is subject to all of the infirmities of hearsay

evidence. It amounts to no more than a declaration by a deceased person that he had changed a beneficiary. Such a statement does not fall within any of the recognized exceptions to the rule denying the admissibility of hearsay evidence.

It is true that, in the case of wills, the declarations of a testator, made so near the time of the execution of a will as to be a part of the res gestæ, have been admitted. Many courts, however, hold that these declarations are admissible only as corroborative of other testimony, but that such declarations are not otherwise admissible. See Inlow et al. v. Hughes, 38 Ind. App. 375, 76 N. E. 763, in which the authorities are carefully reviewed. In Throckmorton v. Holt, 180 U. S. 552, 21 S. Ct. 474, 45 L. Ed. 663, it was held that declarations, either oral or written, made by a testator, either before or after the date of an alleged will, unless made near enough to the time of its execution to become part of the res gestæ, are not admissible as evidence. See also Kennedy v. Bates, 142 F. 51, 73 C. C. A. 237. It has long been settled that the declarations of deceased persons are admissible in evidence only in those cases where the declarant had peculiar means of knowing the matter stated, if he had no interest to misrepresent it, and if it was opposed to his pecuniary or proprietary interests. The statement contained in the letter of August 1st, however, does not bring the statement of fact within this class of declarations, for obviously the soldier could have no pecuniary nor proprietary interest in the proceeds of the policy. See Lazensky v. Supreme Lodge Knights of Honor (C. C.) 31 F. 592.

Even though the letter were admissible for the purpose of establishing the fact therein referred to, namely, that deceased had made his insurance over to plaintiff, that statement is itself a conclusion, and fails to establish that the regulations of the bureau had been complied with, or that any attempt had been made to comply therewith. There is not the slightest evidence that the change was made in writing, that it was signed by the insured, that it was witnessed by at least one person, nor that it was recorded in the Bureau of War Risk Insurance. There is nothing but the unsworn, uncorroborated, statement of a conclusion that a change had been made. It is undoubtedly true that a court of equity should regard that as done which the insured has in good faith attempted to do, in all cases where it appears that a bona fide attempt has been made to change a beneficiary, and that the insured has done all within his power to effect

that change, but that his effort to comply with regulations has been thwarted by the acts of others, or by facts or circumstances beyond his control. But in the present case no evidence was produced, nor could any evidence be found, notwithstanding the fact that diligent search and inquiry were made within a few weeks after the soldier's death, that the soldier had done anything to carry his expressed intention into execution.

A decree will therefore be entered, dismissing the bill of complaint.