## LEAHY v. UNITED STATES et al.

(Circuit Court of Appeals, Ninth Circuit. November 22, 1926.)

No. 4856.

1. Evidence ⟜71—Presumption of delivery of letter properly mailed is subject to control by other facts.

Presumption of delivery of letter properly mailed is one of fact, and subject to control and limitation by other facts.

2. Evidence ⟜87—Where mailing of letter was not proved, and its receipt was disproved, case was for determination of court on preponderance of evidence, independent of presumption.

Where actual mailing of letter directing change of beneficiary was not proved, and receipt of letter was disproved, case was one for determination of court on preponderance of evidence, independent of presumption of delivery of letter properly mailed.

3. Army and navy ⟜51½, New, vol. 12A Key-No. Series—Claimant of war risk insurance had burden of proof of change of beneficiary.

Claimant of proceeds of war risk insurance policy held to have burden of proving change of beneficiary in her favor.

4. Army and navy ⟜51½, New, vol. 12A Key-No. Series—Change of beneficiary in favor of claimant of war risk insurance held not established.

Claimant of war risk insurance held not to have established change of beneficiary in her favor.

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Suit by Caroline McEvoy Leahy against the United States and Margaret Leahy Akey. Decree for defendants (10 F.[2d] 617), and plaintiff appeals. Affirmed.

On November 14, 1918, Stephen J. Leahy obtained a policy of insurance under a war risk contract for $10,000, payable to his sister, Margaret Leahy Akey, one of the appellees herein. On December 7, 1918, he was discharged from the service. On January 19, 1921, he was married to the appellant. He died on November 26, 1923. The appellant

brought a suit against the United States and beneficiary named in the policy, alleging that on December 18, 1921, the insured had written a letter to the Veterans' Bureau directing that she be made the beneficiary of the contract in the place of his sister, and she prayed that she be declared the beneficiary. The United States answered, denying that such a letter had been written to or recorded in the Veterans' Bureau. The appellee Margaret Leahy Akey answered, also denying that such a letter had been written by the insured, or mailed or forwarded to the bureau. On the trial oral evidence was introduced tending to show that the insured had expressed his intention to substitute his wife for his sister as beneficiary, and on the other hand evidence was adduced tending to indicate that his fixed purpose was to retain his sister as the beneficiary. The appellant produced a typewritten carbon copy of an unsigned letter in words as follows:

"Dec. 18, 1921.

"U. S. Veterans' Bureau, Washington, D. C. In re Certificate No. 4477440. Stephen James Leahy—Gentlemen: Please change beneficiary of the above certificate of war risk insurance from my sister, Mrs. Margaret Leahy Akey, to my wife, Caroline McEvoy Leahy. If a form is necessary for this change, please forward one to me.

"Yours very truly."

The appellant testified that a former stenographer of her husband found the said carbon copy in the files of the latter's law office, and she further testified that she had been present with her husband in his office on one occasion when she saw him write an application for a change of beneficiary from his sister to herself, and that he said to her: "The first thing I am going to do to-night is to change my war risk insurance from Margaret to you."

The regulation of the Veterans' Bureau, in force in December, 1921, required that "a change of beneficiary to be effective" must be made by notice in writing to the United States Veterans' Bureau, signed by the insured or by his duly authorized agent, and that "no change of beneficiary shall be effective until the same has been received and recorded."

D. M. Kelly, P. E. Geagan, and Sydney Sanner, all of Butte, Mont., for appellant.

George W. Farr, of Miles City, Mont., for appellee Akey.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The court below found, and it may be regarded as established by the record, that no such letter to the Veterans' Bureau was received or recorded. The appellant asserts that she is entitled to the benefit of the presumption that a notice duly mailed by the insured was in ordinary course received by the bureau. In so contending, however, she assumes an unproven premise. [1] The presumption that a letter properly directed and mailed reached its destination and was received by the person to whom it was directed is a presumption, not of law, but of fact, and is "subject to control and limitation by other facts." Schutz v. Jordan, 141 U. S. 213, 11 S. Ct. 906, 35 L. Ed. 705; Henderson v. Carbondale Coal & Coke Co., 140 U. S. 25, 11 S. Ct. 691, 35 L. Ed. 332. Several items of the evidence in the case would tend to indicate that no such letter was in fact ever mailed. One is that the insured, who was alive and well and actively engaged in the practice of the law until accidentally killed nearly two years after the date of the alleged letter, sent no further communication to the bureau on the subject of the insurance, and never received an answer to the closing sentence of the letter: "If a form is necessary for this change, please forward one to me." Another is that, in her telegram to the bureau of January 4, 1924, the appellant made no reference to such a letter, but stated that the insured "in his lifetime advised undersigned wife that he executed change of beneficiary from sister to wife. Advise by wire whether records show application by Leahy to change beneficiary." Still another is the testimony of Julia Harrington, witness for the appellant, who testified that in the fall of 1922, about a year after the alleged letter was said to have been mailed, the insured stated to her that he was going to change his policy from his sister to his wife.

[2] Shepherdson v. United States (D. C.) 271 F. 330, cited by the appellant, differs from the case at bar, in that it was there conclusively shown that the letter was written by the insured and was witnessed by his superior officer. On like grounds, Farley v. United States (D. C.) 291 F. 238, and Claffy v. Forbes (D. C.) 280 F. 233, are distinguishable from the present case. Here the mailing of the letter not being proven, and the receipt of such a letter being disproven, the case was one for the determination of the court upon the preponderance of the evidence. Davidson S. S. Co. v. United States, 142 F. 315, 73 C. C. A. 425.

[3, 4] The burden of proof was upon the appellant to establish the fact that requisite steps were taken to change the beneficiary. We are not convinced that she sustained that burden of proof.

The decree is affirmed.