## CHICHIARELLI v. UNITED STATES.

District Court, D. Colorado.  May 17, 1928.

### No. 8543.

1. **Army and navy ⊝51½—Government may waive provisions of war risk insurance regulations made for its protection.**

Regulations of Treasury Department relative to change in beneficiary on war risk insurance policy, which are made for protection of government, may be waived by it.

2. **Army and navy ⊝51½—Evidence held to show that intention of insured was not to change beneficiary under war risk insurance policy.**

Evidence *held* to show that insured's intention was not to change beneficiary in war risk insurance policy, where he wrote letter requesting change, but failed to submit request on forms furnished by Veterans' Bureau, notwithstanding that previous change of beneficiary had been made on forms.

At Law. Action by Anne D. Chichiarelli against the United States, in which the mother of Loreto Chichiarelli, deceased, intervened. Judgment for plaintiff.

S. R. Owens, of Denver, Colo., for plaintiff.

George Stephan, U. S. Atty., and R. H. Blackman, Asst. U. S. Atty., both of Denver, Colo., for the United States.

Leroy J. Williams, of Denver, Colo., for intervener.

KENNEDY, District Judge (of Wyoming, sitting in Colorado). This is a suit in which plaintiff, as the widow of a former soldier holding a war risk insurance policy, seeks to recover upon that policy. The mother of the insured interposed a claim for the insurance, and the defendant United States filed an answer, in which it was admitted that the policy was in force at the time of the death of the insured and the insurance payable to the proper beneficiaries. A further reference to the pleadings would seem to be unnecessary. By stipulation of the parties a jury was waived and the cause tried to the court. The sole question in controversy is as to the relative rights of the widow and mother of the insured.

The pertinent facts necessary to a consideration of the point involved appear to be as follows:

That the insured, Loreto Chichiarelli, was inducted into the United States military service on August 28, 1918, and soon thereafter applied for and was granted war risk term insurance in the amount of $10,000; that in this policy the mother of the insured was made the beneficiary; that the insured was discharged from the military service January 13, 1920; that on May 23, 1922, upon a form furnished by the United States Veterans' Bureau for that purpose, the insured designated as the beneficiaries under such policy his wife, the plaintiff, in the amount of $7,000, and his mother in the sum of $2,241, which the insured anticipated would be the balance accruing under the terms of said policy; that on the 11th day of February, 1925, the Veterans' Bureau received an undated letter from the insured, in which he requested that the full amount of his insurance should be changed to his mother, and giving her name and address; that on the 20th day of February, 1925, the Bureau addressed a letter to the insured, acknowledging receipt of his communication requesting a change of beneficiary, inclosing a form which the insured was requested to execute, stating thereon the full name and relationship of the beneficiary or beneficiaries desired and the amount payable to each, requesting that his signature thereto be witnessed by a disinterested person, and advising him that, upon receipt of the form properly executed, the records of the Bureau would be amended in accordance with his request; that this form was never executed or returned to the Bureau by the insured, but that the letter and form were held in his possession up and until his death, which occurred on May 18, 1925; that on April 15, 1925, the insured executed a will in which his wife, the plaintiff, was made the sole beneficiary of his estate, which will was thereafter probated and a small estate passed to the widow under it; that upon the trial here the plaintiff testified over the objection and exception of counsel for the intervener that, some time after receipt of the letter and form from the Bureau, the insured had expressed delight that the change in the beneficiary had not been made; and that no change in the beneficiary was made by the Bureau upon the request of the insured until on or about June 23, 1926, when it advised the plaintiff of its opinion that the policy was payable to the mother of the deceased, upon the theory that there was a valid change of designation of the beneficiary by the letter of the insured received by the Bureau on February 14, 1925. The plaintiff, a little time thereafter, instituted this suit.

The Regulations of the Treasury Department relating to change of beneficiary are as follows:

"Sec. 4137. A change of beneficiary to be effective shall be made either (a) by the last will and testament of the insured, or (b) by notice in writing to the United States Veterans' Bureau, signed by the insured or by his duly authorized agent. Whenever practicable such notice shall be given on blanks prescribed by the United States Veterans' Bureau. (T. D. 41 W. R., February 24, 1919, supersedes T. D. 25. W. R.).

"Sec. 4138. No change of beneficiary shall be effective until the same has been received and recorded in the United States Veterans' Bureau. Payments of installments of insurance shall be made to beneficiaries last of record in the United States Veterans' Bureau until the change of beneficiary has been so received and recorded. (T. D. 41 W. R., February 24, 1919. Supersedes T. D. 25 W. R.)."

[1] The record discloses that there was no change in beneficiary actually recorded by the Bureau before the death of the insured, and, if at all, not until more than a year had elapsed after such death. This, however, is not a controlling feature in the case, as it is probable that such a regulation is made more for the protection of the government than

for any other purpose, and therefore may be waived by it. Farley v. United States (D. C.) 291 F. 238.

[2] As I view it, the controlling feature in the case should be the real intention of the insured in regard to making a change in beneficiary, provided this may be reasonably ascertained. It is not disputed that the deceased wrote the letter received at the Bureau on February 14, 1925, and that the letter with the form provided for the change of beneficiary was forwarded to the insured thereafter on February 20, 1925, after which the Bureau received no further communication from the insured. It was held by him for about three months after its receipt in the regular course of mail, without any apparent effort or attempt on his part to comply with the regulations of the Bureau in furnishing the requested change upon the form provided. When the change of beneficiary was made previously, the insured complied with the request of the Department in indicating his wishes upon a form provided. Presumably, from this prior experience, the insured would naturally entertain the belief that, in order to complete the change, it would be necessary for him to return the request upon the form sent him, and yet for a period of three months the evidence is barren of any desire or attempt on his part to do what he must have conceived was necessary, in addition to his first request, to make the change.

This seems to be a pertinent circumstance in the adoption of a theory that the insured did not desire, after more mature consideration, to complete the change of beneficiary theretofore requested, which is independent of any testimony given by the widow, objected to as inadmissible, in regard to what the insured may have said prior to his death with reference to his satisfaction in not having carried out or completed the change of beneficiary. His friendly attitude toward his wife is further indicated by his last will and testament. Probably the insured was torn by conflicting emotions with respect to his wife and mother. As before indicated, however, I am of the opinion that the controlling circumstance in the case, as indicating the real intention of the insured, is that believing, as he must from previous experience in making a change of beneficiary, that it was necessary to execute the request for a change upon a form provided, which he held for a period of three months without making any further attempt to effect the change, indicates that he had had a change of heart after the request made in the letter, and did not before his death desire to make it.

In my view, the logic of the situation is fairly expressed in the case of Reid v. Durboraw (C. C. A.) 272 F. 99, in which, at page 102, Judge Woods, in speaking for the Fourth Circuit Court of Appeals, says:

"In the case before us the insured, in response to his request for a change of beneficiary, was reminded, by letters dated the 21st and the 28th of June, to send the policy forward with a formal request for the change. He signed the formal request in New York on the 23d of September, 1918. At that time the policy was in a trunk in his apartment, and so remained until his death on November 3d, after a 10 days' illness. Thus it appears that a period of more than a month elapsed, with a formal request duly executed in his hands and the policy also at hand, without any effort to send them forward to the home office for indorsement of the change. No excuse or explanation has been suggested, either in the evidence or in the argument, except procrastination of the insured. Regrettable as it may be, we see no escape, either on principle or authority, from holding that no reasonable effort was made to exercise the power of changing the beneficiary in the method contracted for, and that the original appointment of the sister as beneficiary must stand."

A consideration of the evidence in this case directed to the sole purpose of determining the intention and wishes of the insured leads me to the conclusion that the findings and judgment of the court should be in favor of the plaintiff, widow, for the sum of $7,000 and for the intervener, mother, for the balance of the insurance accruing under the policy.

A judgment may be entered accordingly, allowing attorneys 10 per cent. of the respective recoveries, taxing the costs equally between the plaintiff and the intervener, and reserving to the latter and the defendant proper exceptions.