## ROBERTSON et al. v. McSPADDEN et al.

District Court, E. D. Arkansas, N. D.

Jan. 23, 1931.

W. K. Ruddell and J. Paul Ward, both of Batesville, Ark., for the plaintiffs.

Coleman & Reeder, of Batesville, Ark., for the defendant McSpadden.

Wallace Townsend, U. S. Dist. Atty., of Little Rock, Ark., Ira J. Mack, Asst. U. S. Atty., of Newport, Ark., M. D. Bowers, Asst. U. S. Atty., of Little Rock, Ark., Virgil P. Wallace, Asst. U. S. Atty., and J. A. Tellier, Sp. Asst. to U. S. Atty., of Little Rock, Ark., for the United States.

MARTINEAU, District Judge.

■■ Silas A. Leonard was a soldier in the World War and carried $10,000 war risk insurance, with his sisters, the plaintiffs in this case, named in the policy as beneficiaries. Subsequent to the issuance of the policy he married the defendant, whose name is now Ruby McSpadden, and made a will giving her the insurance involved in this suit. The will is clear and unambiguous, and leaves no doubt but that the intention of the soldier was to give his wife his insurance, and, when the will was called to the attention of the government, it awarded her the insurance and began making payments in accordance with the provisions of the policy. Plaintiffs then laid claim to the policy, and an agreement in settlement of this claim was made between the plaintiffs and the defendant Ruby McSpadden, without the government being made a party, by which the defendant was to receive $4,250 of the insurance, and when that amount had been paid to her the balance was to go to the plaintiffs. To make effective this agreement a suit was filed in the state chancery court and a decree was entered in accordance with the agreement above set out. The decree was one by consent and has not the force and effect of a judgment. The effect of the agreement and decree was to permit the beneficiary Ruby McSpadden to assign to these plaintiffs the amount of her insurance in excess of $4,250, in compromise or settlement of the claim which they were making.

This agreement, if carried out, would defeat the purpose and intent of section 454 of title 38, USCA. That section provides that insurance such as that involved in this suit shall not be assignable. The fact that claimants, other than the one who is rightfully entitled to the insurance, may lay claim to it does not make such insurance assignable in settlement of such a claim. The law cannot be defeated in this indirect way. The complaint will be dismissed.

Findings of fact and conclusions of law in accordance with this memorandum may be prepared.