## UNITED STATES v. TUEBERT et al.
### No. 5622.

District Court, E. D. New York.

March 15, 1932.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Julius S. Berg, of New York City, for defendant Ellen Tuebert.

Samuel Markowitz, of Brooklyn, N. Y., for defendant Adeline McNamee.

MOSCOWITZ, District Judge.

The government has instituted this action to determine whether Adeline McNamee, the widow, or Ellen Tuebert, the sister, of one Joseph McNamee, now deceased, is entitled to the accrued installments on a war risk insurance policy issued to Joseph McNamee.

The case was submitted upon the following stipulated facts:

1. That on September 9, 1918, one Joseph McNamee, now deceased, enlisted in the United States Army.

2. That Ellen Tuebert is a sister of Joseph McNamee.

3. That Adeline McNamee is the wife of Joseph McNamee, deceased.

4. That while in the service in the United States Army, to wit, September 15, 1918, Joseph McNamee, applied for and was granted a contract of war risk insurance in the sum of $10,000, pursuant to the provisions of an Act of Congress passed October 6, 1917.

5. The insured, in said application for war risk term insurance, designated his sister, Ellen Tuebert, as beneficiary.

6. That Joseph McNamee was discharged from military service on June 20, 1919.

7. Prior to his discharge, and on, to wit, February 19, 1919, Joseph McNamee married the defendant, Adeline McNamee née Adeline Heimerle.

8. That on June 18, 1919, Joseph McNamee executed United States Veterans' Bureau form No. 526 known as "application of veteran disabled in World War for compensation and vocational training." In this application, the insured, among other matters, answered certain questions relating to the war risk term insurance granted him while in military service in manner and form as follows:

"Q. 40. Did you ever apply for War Risk Term Insurance? A. Yes.

"Q. 41. When and where? Camp Syracuse, New York, September 15, 1918.

"Q. 43. Name of beneficiary? A. Wife, same as above."

9. That on May 5, 1921, it was determined by the United States Veterans' Bureau that Joseph McNamee had been permanently and totally disabled from April 10, 1919, and his contract of war risk term insurance, having been in force and effect at the time of said total and permanent disability began, matured and became payable in the sum of $57.50 per month as long as said total and permanent disability continued.

10. That during the lifetime of Joseph McNamee he received the payments due and payable under said award, including the payment due for the month of which he died to wit, October, 1930, a total number of payments made to him of 139 installments.

11. Upon his death, the remaining 101 installments of $57.50 each became due and payable to the person or persons entitled thereto.

12. That defendant Ellen Tuebert is the surviving sister, and is the beneficiary in his application of September 15, 1918, for war risk term insurance, and claims the proceeds of this policy.

13. That the defendant Adeline Mc-

Namee is the surviving widow and the beneficiary named in the United States Veterans' Bureau form No. 526 executed by the deceased veteran on June 18, 1919, and claims the proceeds of this policy.

14. That the United States is ready and willing to pay the accrued installments of the insurance to the person or persons found to be entitled to receive the same.

Joseph McNamee enlisted in the United States Army on September 9, 1918, and while in said service and on September 15, 1918, he was granted a contract of war risk insurance in the sum of $10,000, and designated as beneficiary thereof a sister, Ellen Tuebert. On June 20, 1919, Joseph McNamee was honorably discharged from the service.

On February 19, 1919, he married Adeline Heimerle, and was married to her at the time of his death, which occurred on October 21, 1930. There are five children of the marriage.

On June 18, 1919, Joseph McNamee executed United States Veterans' Bureau form No. 526, known as "application of veteran disabled in World War for compensation and vocational training." In this application, the insured, among other matters, answered certain questions relating to the war risk term insurance granted him while in military service. In answer to a question, he stated that he had applied for war risk term insurance at Camp Syracuse, N. Y. He was asked the name of the beneficiary, and his answer was "wife, same as above."

On May 5, 1921, the United States Veterans' Bureau determined that the insured had been permanently and totally disabled from April 10, 1919, and his contract of war risk term insurance, having been in force and effect at the time the said permanent and total disability began, matured and became payable in the sum of $57.50 per month as long as said permanent and total disability continued. During the lifetime of Joseph McNamee, he received the payments due and payable under said award, including the payment due for the month in which he died, October, 1930, there being a total number of payments made to him of 139 installments. Upon his death, there remained 101 installments at the rate of $57.50 per month which sum is the controversy in this action.

Ellen Tuebert, the surviving sister, who was named beneficiary in the application of September 15, 1918, and Adeline McNamee, the widow of Joseph McNamee, both claim the proceeds of the policy.

At the time Joseph McNamee applied for war risk insurance, he was not married, and he designated his sister, his nearest relative at that time, as his beneficiary. Just prior to his discharge, from the army, he married. About two days before his discharge, when he made his application for compensation as a disabled veteran, he indicated in very strong terms on the application form No. 526, known as "application of veteran disabled in World War for compensation and vocational training," that his wife was his beneficiary.

■■ There is no doubt that it was his intention to change the beneficiary. His intention is clear to name his wife as his beneficiary. Eleven years after making this application he died. During all that time he was receiving from the government his compensation as a disabled veteran. During those eleven years he lived with his wife and his children. It would be unnatural to assume, under the circumstances, that he intended to leave this money to his sister and leave his wife and children penniless. The real intent of the soldier should govern. His intention was clear that he wanted his wife to receive the proceeds of the policy. His intention is controlling and is binding. Ambrose v. U. S. (D. C.) 15 F.(2d) 52; Schroeder v. U. S. (D. C.) 24 F.(2d) 420; Claffy v. Forbes (D. C.) 280 F. 233; Shepherdson v. U. S. (D. C.) 271 F. 330; Peart v. Chaze (D. C.) 13 F.(2d) 908, and Johnson v. White (C. C. A.) 39 F.(2d) 793.

Decree accordingly. Settle findings and decree on notice.