CHARLES KRAJEWSKI, Ex. *vs.* PRUDENTIAL INSURANCE CO. OF AMERICA.

MAY 9, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of assumpsit brought by plaintiff, the executor of the will of Stanislaw Krajewski, late of Bellingham, Massachusetts, against defendant, a New Jersey corporation doing business in Rhode Island. The case is here on plaintiff's exception to the decision of the Superior Court sustaining a demurrer to the declaration.

The declaration alleges that defendant on August 27, 1932, insured the life of Stanislaw Krajewski in the sum of $1,000 and that the policy of insurance was payable to one Ignacy Krajewski with the right of the insured to change the beneficiary. The provision of the policy as to change of beneficiary is as follows:

> "If the right to change the Beneficiary has been reserved the Insured may at any time while this policy is in force, by written notice to the Company at its home office, change the Beneficiary or Beneficiaries under this policy, such change to be subject to the rights of any previous assignee and to become effective only when a provision to that effect is endorsed on or attached to the policy by the Company, whereupon all rights of the former Beneficiary or Beneficiaries shall cease."

The declaration further alleges that the insured gave the policy to the named beneficiary and later directed him to return it; this he refused to do. The insured thereafter notified defendant in writing of the demand and the refusal of the beneficiary to return the policy and also notified defendant of a change of beneficiary from the original beneficiary to the executor of the estate of the insured; that thereafter the insured died; due proof of death was furnished but defendant refused to pay plaintiff the proceeds of said policy.

It is to be noted that this is an action at law, not a proceeding in equity. To maintain this action plaintiff must prove a compliance with the provisions of the contract of insurance or a waiver thereof by the insurer. The provision with respect to a change of the beneficiary is plain and unambiguous. The right of the insured to make such a change is conditional and limited. By his contract the insured agreed that any such change should be subject to the rights of any previous assignee and should become

effective only when "endorsed on or attached to the policy by the company." This provision in the policy is reasonable and fair and is necessary for the protection of the insurer. The insurer may waive its right to insist on this condition, as for instance by bringing a bill of interpleader, and thereby offering to pay the insurance fund as the court shall determine. *John Hancock Mutual Ins. Co. v. White,* 20 R. I. 457; *John Hancock Mutual Ins. Co. v. Bedford,* 36 R. I. 116.

In *State Mutual Life Assurance Co. v. Bessett,* 41 R. I. 54, this court decided that an insured may change a beneficiary named in an insurance policy by doing all that is required of him to effect the change, or all that is possible for him to do, although certain formal or ministerial acts of the officers of the insurer are not performed before the death of the insured. But if the acts required but unperformed are essential parts of the contract, the general rule requires that the insured, in changing the beneficiary, do so in the manner required by the policy and holds that any material deviation from such requirements will defeat the attempted change. *Clark v. Metropolitan Life Ins. Co.,* 126 Me. 7; *French v. Provident Savings Life Assurance Society,* 205 Mass. 424; *Thomas v. Metropolitan Life Ins. Co.,* 144 Ga. 367.

In the instant case the way in which the beneficiary might be changed was clearly stated in the contract of insurance. The right of the insured to change the beneficiary by the express terms of the contract was conditional and dependent on the approval or assent of the insurer. Before giving its assent the insurer was entitled to exercise its judgment on the question whether it might be subjected to more than one claim for the proceeds of the policy upon the death of the insured. Such assent is not and was not intended to be merely a formal or ministerial act. In parting with the possession of his policy, the insured abridged his ability to change the beneficiary. But this action by the insured in no way changed the contract of insurance nor did it excuse the insured from compliance with the provisions of the policy.

For the reasons stated we are of the opinion that a change of the beneficiary was not effected.

Plaintiff's exception is overruled and the case is remitted to the Superior Court.

*Samuel H. Brenner*, for plaintiff.

*McGovern & Slattery, James A. Higgins*, for defendant.