## Spurlock v. Spurlock.

(Decided Dec. 10, 1937.)

NICKELL & NICKELL and W. M. GARDNER for appellant.

FLOYD ARNETT, HENRY C. ROSE and H. H. RAMEY for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

At the time of his death, on January 1, 1935, Gardner J. Spurlock was carrying two policies of insurance on his life. One of these policies named appellee, Mariah Spurlock, mother of the insured, as the sole. beneficiary, and the other named both the insured's father and mother. Both policies reserved the right in the insured to change the beneficiary, but it is not contended that any steps were taken to effectuate a formal change of beneficiary in accordance with the policy provisions.

After the policies were issued, the insured, on October 28, 1932, married appellant, Esther Spurlock, who was then 19 years of age. Insured was then 29 years of age. On the Saturday before Christmas day, in 1934, appellant and her husband, the insured, went to the home of appellant's mother at Hazel Green, Ky., to spend the Christmas holidays. On Christmas day insured sprained his ankle and that night was suffering with it and complained that his leg and his arm were getting numb, and he expressed a feeling he was going to have a stroke. On the following day he was feeling better and drove to Campton with a man named John Stout. On the second day after Christmas, insured continued to complain of feeling bad, and appellant then drove him back to their home in West Liberty. He continued to grow worse, and died on the first of January, 1935. The two policies of insurance referred to above.

were paid by the insurance companies to the mother and father of insured as the beneficiaries designated in the contracts of insurance. Thereafter, this action was filed by appellant against the mother and father of the insured, claiming:

"That a short time prior to his death and while she was his wife, the said Gardner J. Spurlock gave to this plaintiff and assigned to her said two policies of insurance above mentioned and made her the beneficiary of each of said policies at the time of his death."

The action against the father was dismissed without prejudice before the trial.

At the trial of the case, appellant's mother testified that at the time when insured first suspected that he was suffering from a stroke he said to appellant in her presence:

"Esther, I am afraid I have got a stroke. My insurance, you know, I have give it to you and it's yours. I want to have it changed just the very minute I get back home."

Appellant's younger brother also testified that he was present and heard the conversation, and he quotes the insured as saying:

"Honey, you know that I have given you the insurance and it's yours and as soon as we get back to West Liberty I'll have it changed to your name."

Another witness testified that insured told him on Christmas day, 1934, in substance, that he had given his insurance to his wife and was going to have it changed when he got home. A fourth witness, who was not present, but whose testimony was admitted through the medium of an affidavit for a continuance, was the John Stout mentioned above as the person who accompanied the insured on the trip to Campton and back the day after Christmas. In the affidavit for a continuance, which was permitted to be read to the jury as the testimony of the absent witness, it was stated that the insured told John Stout:

"That he had given his life insurance to his wife, Esther Spurlock, and that he was holding this life insurance for her and that she was protected if anything happened to him."

The foregoing is substantially all of the testimony

presented on the material issue. The trial court gave the jury a peremptory instruction to find for the defendant at the close of the plaintiff's testimony. This appeal followed.

Although the policy may prescribe a certain mode for changing a beneficiary thereof, it has been held in many cases where the formalities for making a change have not been completed that equity would treat that as done which ought to be done, and, as between adverse claimants, will regard a change of beneficiary as effected if the insured has done all in his power to effect the change in conformity with the requirements of the contract. Inter-Southern Life Insurance Company v. Cochran, 259 Ky. 677, 83 S. W. (2d) 11; Farley v. First National Bank, 250 Ky. 150, 61 S. W. (2d) 1059; Hoskins v. Hoskins, 231 Ky. 5, 20 S. W. (2d) 1029; Twyman v. Twyman, 201 Ky. 102, 255 S. W. 1031; Vaughan's Adm'r v. Modern Brotherhood of America, 149 Ky. 587, 149 S. W. 937; Couch, Cyclopedia of Insurance Law, Vol. 2, sec. 324; Cooley's Briefs on Insurance (2d Ed.) volume 7, p. 6448.

The most that can be said of the testimony introduced for the appellant is that it shows an unexecuted intention on the part of the insured to make a change in the beneficiary of his policies. With the exception of the one witness, whose testimony was admitted through the affidavit for a continuance, each of the witnesses for appellant affirms that the insured stated that he intended to have the change made when he got home. Obviously, the insured knew that he was required to do more than merely express an intention. Even though a substantial compliance with the provisions of the policy is all that is required under the Kentucky rule, the insured in this case took no steps whatever to comply with the terms of the policy in making a change.

It is argued that the statements of the insured show an intent on his part to make himself trustee for his wife, and thereby to obviate delivery of the policies to her, or rather to constitute a constructive delivery of the policies. Thompson's Ex'x v. Thompson, 190 Ky. 3, 226 S. W. 350. In the first place, something more than a mere physical delivery of the policies was here necessary, and, in the second place, the proof fails to show an intention on the part of the insured to constitute himself as trustee, conceding arguendo that the unma-

tured policies might be deemed a proper subject of a trust.

The mere unexecuted intention, not followed by a substantial carrying out of the intent, is not sufficient. That is all that we have here.

Judgment affirmed.