**BRADLEY v. UNITED STATES et al.**
**UNITED STATES v. BRADLEY et al.**

Nos. 2886, 2887.

Circuit Court of Appeals, Tenth Circuit.

May 30, 1944.

Rehearing Denied July 5, 1944.

PHILLIPS, Circuit Judge, dissenting.

F. L. Welch, of Antlers, Okl., for appellant Lena M. Bradley.

Andrew Dilworth, of San Antonio, Tex. (R. G. Harris, of San Antonio, Tex., on the brief), for Annie Mae Bradley.

Keith L. Seegmiller, of Washington, D. C. (Cleon A. Summers, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

On August 21, 1941, Eugene Morris Bradley was killed while serving as a flying officer in the United States Army. His mother, Lena M. Bradley, and his widow, Annie Mae Bradley, filed separate claims with the Veterans' Administration, each claiming to be the sole beneficiary under a $10,000 life insurance policy issued to him under the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq. When the policy was originally issued on November 1, 1940, his mother was designated as the beneficiary, and the principal question presented by this appeal is whether the insured thereafter effectively changed the beneficiary from his mother to his wife, whom he subsequently married. The Veteran's Administration finally determined, and the trial court held, that the insured had effected a change of beneficiary in accordance with his expressed intentions, and the mother has appealed.

Soon after his marriage on May 30, 1941, the insured was transferred to March Field, New York, and some time later his wife joined him there. On August 18, 1941, he was ordered to report to Windsor Locks, Connecticut, and was accompanied there by his wife, who was at that time an expectant mother. Two days later and on August 20th, he executed a "confidential personal report" required of all flying officers, the declared purpose of which was to compile and maintain accurate personal records of all officers of the Air Corps.[1] The report, which was executed by the insured on a prescribed form, was addressed to the United States Army Airport, Windsor Locks, Connecticut. It stated the full name, rank, branch of service, and address of the insured; that he was married to Ann M. Bradley, who was to be notified at the same address in the event of an emergency. In respect to insurance, the report stated: "Government Insurance: Yes, Amount: $10,000.00, Type: government, Beneficiary: Ann M. Bradley, Location of policy, will or other important papers: with wife." On the next day, the insured lost his life.

The wife was permitted to testify, over the objection of appellant, that the insured had discussed with her the matter of changing the beneficiary in his policy from his mother to her while living in San Antonio, and had expressed an intention to do so "when we got to March Field", but after arriving there he stated that "he would wait until he got to Connecticut" where he would "attend to such matters as signing a will and making arrangements." She was also permitted to testify that he informed her "he had taken care of the insurance at the army base." According to affidavits of a number of his comrades, the insured on numerous occasions discussed with each of the affiants the proposition of changing the beneficiary of his insurance from his mother to his wife—that he had sought and obtained advice from them concerning the method for effecting the change, and had expressed an intention to do so.

[1] "Circular 35-11

"War Department
"Office of the Chief of the Air Corps
"Washington
"April 7, 1941
"Personnel, Military
"Confidential Personal Reports

"1. In order to compile and maintain an accurate personal record of all officers, there will be maintained in the Office, Chief of the Air Corps, a 'Confidential Personal Reports' file.

"2. This report will be rendered only on Air Corps officers who are on a flying status as of December 31st annually, and by each newly commissioned officer attached to the Air Corps on flying status immediately upon reporting to his original station.

"3. The Commanding Officer of each activity will be responsible for the proper rendering of these reports.

"4. The form for the preparation of the report will be in accordance with the specimen form attached.

"5. The Commanding General, GHQ Air Force, and the Chief of the National Guard Bureau concur in the instructions contained in this circular. 1 Indl. By order of the Chief of the Air Corps:

"(Signed) Geo. E. Stratemeyer
"Colonel, Air Corps
"Executive."

After the death of the insured on August 21, 1941, the Veterans' Administration requested, and on November 17, 1941 received, the "confidential personal report", executed by the insured and filed with the Headquarters of the 57th Pursuit Group, Windsor Locks, Connecticut. Thereafter and on November 26, 1941, the Veterans' Administration informed the mother of its receipt.of the report, and that according to it, her son had stated that his wife Annie Mae Bradley was the beneficiary under his government insurance. She was further informed that although the insured had the right to change the beneficiary without her knowledge or consent, he had not fully complied with the Administration's regulations in respect thereto. She was advised that if she believed her son wanted to retain her name as beneficiary, she might file her claim on the enclosed form. Thereafter and on April 14, 1942, the wife was advised by the Administration that after a "thorough investigation", it had determined that her late husband had effected a valid change of beneficiary from his mother to her, and that she was therefore recognized as the substituted beneficiary, but that the mother would be given thirty days in which to take such action as she deemed necessary to protect her rights.

Based upon this disagreement (see Act of June 7, 1924, c. 320, Sec. 19, 43 Stat. 612, 38 U.S.C.A. § 445, as amended by Sec. 617 of the National Service Life Insurance Act of 1940, 54 Stat. 1014, Act of July 11, 1942, c. 504, Sec. 6, 56 Stat. 659, 38 U.S.C.A. § 817), the mother brought this suit to have herself declared the beneficiary, alleging that she was the originally designated beneficiary under the policy, and that the insured did not during his lifetime effectively change the beneficiary. In the alternative, she alleged an agreement between herself and the widow to compromise their respective claims on the basis of an equal division of the benefits provided under the policy.

Issues were joined, and based upon the factual stipulation, together with the testimony adduced, including the affidavits of the insured's comrades which were treated as the testimony of the respective affiants, the trial court found "that it was clearly the intention of the deceased soldier to change the beneficiary of his insurance, and to make his wife instead of his mother the beneficiary". The trial court recognized that the burden was upon the one asserting and relying upon a change of beneficiary in the policy, but concluded that the attendant facts were sufficient to overcome that burden and to establish a valid change of beneficiary within the meaning and purposes of the applicable statute and regulations. The policy was reformed accordingly, and judgment entered for the widow, together with attorney's fee in the sum of $850, to be paid out of the accrued payments amounting to $1,315.80. The court also held that an agreement to compromise on a basis of an equal division of the proceeds of the policy, if made, was invalid because prohibited by 54 Stat. 1195, 38 U.S.C.A. § 454a.

The mother appeals from the judgment of the court decreeing a change of beneficiary, and the refusal of the court to recognize and give effect to the alleged compromise agreement. The government appeals from that part of the judgment which awards $850 attorney's fee payable in one lump sum out of the accrued payments under the policy, contending that this method of payment is unauthorized, and prohibited by Section 500 of the World War Veterans' Act of 1924, as amended, 46 Stat. 1016, 38 U.S.C.A. § 551, and made applicable here by 56 Stat. 659, 38 U.S.C.A. § 817.

Clearly, the insured did not designate or intend to designate both his mother and wife as joint beneficiaries—one of them is the sole beneficiary to the exclusion of the other. It follows therefore that an agreement to divide the proceeds of the policy constitutes an assignment by the designated beneficiary of payments of benefits due or to become due under a National Service Life Insurance policy, and that such assignment is specifically prohibited by Section 3 of the Act of August 12, 1935, 49 Stat. 609, as amended by Section 5 of the Act of October 17, 1940, 54 Stat. 1195, 38 U.S.C.A. § 454a. Robertson v. McSpadden, D.C., 46 F.2d 702. The trial court did not err by its refusal to recognize or give effect to the agreement.

The National Service Life Insurance Act of 1940 specifically authorized the insured to designate his mother as the beneficiary of his insurance, and "subject to regulations" it also authorized him to change the beneficiary to his wife without the consent of his mother. 54 Stat. 1009, 38 U.S.C.A. § 802(g). The applicable regulation governing the right to change the beneficiary, as promulgated by the Administrator in pursuance of his stat-

utory authority, 54 Stat. 1012, 38 U.S.C.A. § 808, pertinently provides "* * * a change of beneficiary to be effective must be made by notice in writing signed by the insured, and forwarded to the Veterans' Administration by the insured or his agent, and must contain sufficient information to identify the insured. Whenever practical such notices shall be given on blanks prescribed by the Veterans' Administration. Upon receipt by the Veterans' Administration, a valid designation or change of beneficiary shall be deemed to be effective as of the date of execution * * *." The manifest purpose of the foregoing regulation is to create a legal standard for the orderly administration of the Act by providing a means and method for the exercise of the statutory right of the insured to change the beneficiary of his insurance, and to protect the insurer against conflicting claims for the proceeds of the policy. See Claffy v. Forbes, D.C., 280 F. 233; Peart v. Chaze, D.C., 13 F.2d 908; Chichiarelli v. United States, D.C., 26 F.2d 484; Farley v. United States, D.C., 291 F. 238.

When the policy of insurance matured by the death of the insured on August 21, 1941, the Veterans' Administration had not received any notice in writing, signed by the insured, directing a change of beneficiary of his insurance, and none had been forwarded to the Administration by the insured or his agent. The mother was the recorded beneficiary, and was therefore presumptively entitled to the proceeds of the policy. The burden is upon the widow who claims as a substituted beneficiary to show that the insured during his lifetime effected a valid change of beneficiary from his mother to her. Leahy v. United States, 9 Cir., 15 F.2d 949. Cf. Zolintakis v. Orfanos, 10 Cir., 119 F.2d 571; Brown v. Union Central Life Ins. Co., Tex.Civ.App., 72 S.W.2d 661; In re Burton's Estate, 116 Pa.Super. 249, 176 A. 819; Kochanek v. Prudential Ins. Co. of America, 262 Mass. 174, 159 N.E. 520. Strict compliance with the applicable regulations is not however requisite to the maintenance of that burden of proof. It is the generally accepted rule in cases involving policy provisions for change of beneficiary, that if the insured has manifested a desire and intent to change the beneficiary of his insurance, and has done everything reasonably within his power to accomplish this purpose, leaving only ministerial acts to be performed by the insur-

er, courts of equity will treat as done that which ought to be done, thereby giving effect to the intent of the insured. Parks' Ex'rs v. Parks, 288 Ky. 435, 156 S.W.2d 480; Spurlock v. Spurlock, 271 Ky. 70, 111 S.W.2d 443; Rasmussen v. Mutual Life Ins. Co. of New York, 70 N.D. 295, 293 N. W. 805; Henderson v. First National Bank of Birmingham, 229 Ala. 658, 159 So. 212; Wilkie v. Philadelphia Life Ins. Co., 187 S.C. 382, 197 S.E. 375; Sun Life Assurance Co. v. Sutter, 1 Wash.2d 285, 95 P.2d 1014, 125 A.L.R. 1089; Novosel v. Sun Life Assurance Co., Wyo., 57 P.2d 110; Mutual Life Ins. Co. of New York v. Owens, 39 N.M. 421, 48 P.2d 1024; Reid v. Durboraw, 4 Cir., 272 F. 99; Krajewski v. Prudential Ins. Co. of America, 54 R.I. 267, 172 A. 396; Annotation 78 A.L.R. 970, 974, 982; Couch on Insurance, Sec. 315 (a), 323. With respect to regulations pertaining to the authorized change of beneficiary in war risk insurance cases, the courts have brushed aside all legal technicality in an effort to effectuate the manifest intention of the insured. Kaschefsky v. Kaschefsky, 6 Cir., 110 F.2d 836; United States v. Tuebert, D.C., 57 F.2d 895; Johnson v. White, 8 Cir., 39 F.2d 793; Chichiarelli v. United States, D.C., 26 F.2d 484; Peart v. Chaze, D.C., 13 F.2d 908; Gifford v. United States, D.C., 289 F. 833; Farley v. United States, D.C., 291 F. 238.

The undisputed evidence fully supports the finding of the trial court to the effect that the insured expressed an intent to change the beneficiary of his insurance from his mother to his wife, and if the expressed intent of the insured, without more, will justify the judicial substitution of the intended beneficiary, the judgment of the trial court is correct and should be affirmed. But the principle which actuates the courts in giving effect to the ascertained intentions of the insured has application only where the party has attempted to act for himself. The expressed intention of the insured to change the beneficiary, standing alone and unaccompanied by some affirmative act, having for its purpose the effectuation of his intention, is insufficient to effect a change of beneficiary and the courts cannot act when he has not first attempted to act for himself. Spurlock v. Spurlock, 271 Ky. 70, 111 S.W. 2d 443; Parks' Ex'rs v. Parks, 288 Ky. 435, 156 S.W.2d 480; Kochanek v. Prudential Ins. Co. of America, 262 Mass. 174, 159 N.E. 520; Equitable Life Assurance

Society v. Arnold, D.C., 27 F.Supp. 360. Cf. Fink v. Fink, 171 N.Y. 616, 64 N.E. 506. We can only liberally construe that which he has attempted to do in his own behalf, but for some reason has failed to accomplish the desired or intended result. This is a fundamental rule of equitable jurisprudence which guides and directs equitable proceedings.

In every case involving war risk insurance wherein the courts have recognized and decreed a change of beneficiary, the facts have amply shown not only an expressed intention, but positive and unequivocal acts on the part of the insured, designed to effectuate his expressed intentions. Kaschefsky v. Kaschefsky, supra; Johnson v. White, supra; Peart v. Chaze, supra; Claffy v. Forbes, supra; Farley v. United States, supra. And in the absence of some act or deed having for its purpose the execution of the insured's intention, the courts have refused to decree a change of beneficiary. Kingston v. Hines, D.C., 13 F.2d 406; Gifford v. United States, supra; Chichiarelli v. Chichiarelli, supra; Layne v. United States, 7 Cir., 3 F.2d 431; Leahy v. United States, supra; see also Annotation, 55 A.L.R. 580.

To meet this postulate, it is argued that the "confidential personal report" executed by the insured, addressed to and filed with his group headquarters, constituted not only an expression of his intention, but an attempt to change the beneficiary from his mother to his wife, which the court should recognize as the fulfillment of his intentions and the requirements of the regulations. Conceding that the report was not a notice in writing directed to the Veterans' Administration in accordance with the regulations, it is contended that since the applicable regulation was promulgated for the primary protection of the insurer, its technical requirements may be waived by it, and the report may be treated as a substantial compliance with the regulations, thereby giving effect to the manifest intentions of the insured. The Administration may of course waive the technical requirements for its own protection, but it may not thereby adjudicate the question whether a valid change of beneficiary has been effected in accordance with the prescribed means and method which is the legal standard for that purpose. Cf. Rasmussen v. Mutual Life Ins. Co., supra; Metropolitan Life Ins. Co. v. Jones, 307 Ill.App. 652, 30 N.E.2d 937;

Parks' Ex'rs v. Parks, supra, 288 Ky. 435, 156 S.W.2d page 486.

There is nothing in the confidential report or the evidence in this case from which it can be legitimately inferred that it was intended for the use and information of the Veterans' Administration, or that its purpose was to effect a change of beneficiary under the life insurance policy. Indeed, the trial court did not so find. The Administration was a total stranger to the report, and did not receive it or have knowledge of its execution until after the death of the insured, and it was forwarded to the Administration upon its request. It is not a notice of any kind, is not a direction that the name of the beneficiary be changed, and does not express or indicate even indirectly or inaptly a desire to have the beneficiary changed. Indeed, it is not a voluntary expression of any wish, desire or intention. At most it indicates a belief or understanding that his wife was the then present beneficiary. When given its most liberal construction in the light of all the facts and circumstances, we are convinced that it cannot be treated as an effectuation of the insured's intention to change his beneficiary.

The further question presented by the appeal of the Government whether the trial court was authorized to award attorney's fee to the successful party in the sum of $850, and to order the same paid in one lump sum out of the accrued payments in the amount of $1,315.80, involves a construction of Section 500 of the Act of June 7, 1924, 43 Stat. 628, as amended, and expressly made applicable to this case by the Act of July 11, 1942, 56 Stat. 659, 38 U.S.C.A. § 817. The Act, as amended and made applicable here, authorizes the trial court to determine and allow reasonable fees for the attorneys of the successful party not to exceed ten per centum of the amount recovered, to be paid by the Veterans' Administration "out of the payments to be made under the judgment or decree at a rate not exceeding one-tenth of each of such payments until paid."

The allowance of $850, to be paid to the attorney of the successful party, is well within the statute, but the order of payment in one lump sum out of the accrued payments in the amount of $1,315.80 is inconsistent with the restrictive provisions of the statute which specifically provide that the amount awarded shall be paid at a rate "not exceeding one-tenth of each of

such payments." It follows that the allowance of $850, to be paid out of the accrued payments is unauthorized by the statute. The judgment should have provided that the Attorney's fee be paid by one-tenth of the $1,315.80, and one-tenth out of payments to be made under the judgment by the Veterans' Administration. Since however the successful party below is not the successful party here, the question of attorney's fee will be the subject of further consideration on remand to the trial court.

The judgment is reversed with directions to proceed in accordance with the views herein expressed.

PHILLIPS, Circuit Judge (dissenting).

There can be no doubt on this record that the insured desired and fully intended to change the beneficiary under the policy by substituting his wife for his mother as such beneficiary. The question presented is whether he did an affirmative act to effectuate that intent. Compliance with Regulation R. & P. R-3447 was unnecessary. That Regulation was adopted for the protection of the United States and its requirements could be and were waived by the Veterans' Administration. Farley v. United States, D.C.Or., 291 F. 238, 241; Murphy v. United States, D.C.Mass., 5 F. Supp. 583, 585.

In the report, referred to in the majority opinion, the insured stated that he had the policy of insurance and that the beneficiary thereunder was Ann M. Bradley, his wife, and that the policy was in her possession. That he believed that by making such statement in the report and delivering the policy to his wife he had effected the change of beneficiary is manifest by the fact that immediately thereafter he told his wife he had "taken care of the insurance at the Army Base."

In Johnson v. White, 8 Cir., 39 F.2d 793, 796, the court said:

"The intention, desire, and purpose of this soldier should, if it can reasonably be done, be given effect by the courts, and substance, rather than form, should be the basis of the decisions of courts of equity. The clearly expressed intention and purpose of the deceased to have his wife named as the beneficiary in this insurance should control, and should not be thwarted by the fact that all the formalities for making this purpose effective may not have been complied with."

In Kaschefsky v. Kaschefsky, 6 Cir., 110 F.2d 836, 837, the veteran while in the service took out a policy of war risk insurance, in which he named a brother as beneficiary. While stationed at Camp Jackson the insured addressed several letters to his sister expressing his desire to make all of his sisters and brothers equally-participating beneficiaries of the insurance contract, as was his original purpose to do when he applied for the policy, but did not do because he was instructed to name but a single beneficiary. In holding that the insured had effected a change in the beneficiary, the court said:

"Upon the facts found, the court concluded that the plaintiffs had sustained the burden to establish a change of beneficiaries, and regarded the fact that the communications to that end did not reach the government until after the insured's death, to be immaterial. With these conclusions we agree. Claffy v. Forbes, D.C.Wash., 280 F. 233; Steele v. Suwalski, 7 Cir., 75 F.2d 885, 99 A.L.R. 588. The view expressed by the court in the first reference commends itself to us, 'Form, formality, and legal technicality must give way to common sense and remedial justice, when all doubt is removed as to the intent of the deceased soldier; and when the purpose of the law has been complied with, there should be no hesitancy in carrying out the express wish of such deceased. The letter is a designation signed by the insured and the fact that it was sent to the mother to make the final designation, in the event of her death, instead of being sent to the bureau for record, should not defeat it.' (280 F. 235.)"

In Claffy v. Forbes, D.C.Wash., 280 F. 233, the insured veteran wrote a letter to his mother, in which, among other things, he said: "I have also made out a $10,000 life insurance to you. If I should be killed, it will be paid to you, $57.50 a month for 20 years, and I wish that if you should not live to get it all that you make it so that Agnes would get it." The court held that the letter was a sufficient designation of a change of beneficiary and that the fact that it was not received by the Bureau until after the death of the insured veteran did not invalidate the designation. It will be observed that the Claffy case is cited with approval in Kaschefsky v. Kaschefsky, supra.

See, also, United States v. Johnson, D.C. Ky., 46 F.2d 549.

I am of the opinion that the statement in the report and the delivery of the policy by the insured to the wife constituted affirmative acts intended to effect a change in the beneficiary.

For these reasons, I respectfully dissent from that part of the opinion which holds that Annie Mae Bradley is not the beneficiary under the policy.