## CLAFFY v. FORBES, Director of Bureau of War Risk Insurance.

(District Court, W. D. Washington, N. D.   April, 1922.)

No. 260E.

1. **Army and navy ⊂⇒51½, New, vol. 12A Key-No. Series—War risk insurance regulations have the force of law.**

The regulations promulgated by the Bureau of War Risk Insurance, which, with the provisions of the War Risk Insurance Act (Comp. St. § 514a et seq.), limit the contract for such insurance, have the force of law.

2. **Evidence ⊂⇒47—Court judicially knows regulations of department of government.**

The court judicially knows of the regulation by a department of the United States government.

3. **Army and navy ⊂⇒51½, New, vol. 12A Key-No. Series—Letter to soldier's mother held sufficient "designation of beneficiary" of war insurance after the death of the mother.**

Under War Risk Insurance Act Oct. 6, 1917, §§ 400, 402, and Act June 25. 1918, §§ 2, 21, and the regulation of the Bureau of War Risk Insurance authorizing change of beneficiary by notice in writing to the bureau signed by the insured a letter written by an insured soldier to his mother, plainly expressing his wish that in the event of the mother's death the insurance should be made payable to the soldier's niece, was a sufficient designation of the niece as a beneficiary, the fact that the letter was not addressed to the bureau, or was not presented to it by the mother in her lifetime, not requiring the disregard of the soldier's wishes.

4. **Army and navy ⊂⇒51½, New, vol. 12A Key-No. Series—Notice of designation of beneficiary of war risk insurance need not be received prior to death of soldier.**

Under the regulations of the Bureau of War Risk Insurance, providing that before notice of designation has been received payments will be made under the laws of intestacy, the fact that a letter designating the beneficiary was not received by the bureau prior to the death of the soldier does not invalidate the designation, nor defeat the rights of the beneficiary so designated to installments of the insurance thereafter falling due.

In Equity. Suit by Irene Claffy, as guardian of the estate of Agnes Claffy, a minor, against Charles R. Forbes, Director of War Risk Insurance. Disposition rendered for plaintiff.

The plaintiff is guardian of Agnes Claffy. a minor niece of Clarence Swank, who was killed in battle in the line of duty September 26, 1918, and who at the time of his death carried war risk insurance in the sum of $10,000, in which policy Malinda Swank. mother. was named as beneficiary. On the 15th day of July, 1918, the deceased soldier, in a letter addressed to his mother and father, among other things. said: " * * * I have also made out a $10,000 life insurance to you. If I should be killed, it will be paid to you, $57.50 a month for 20 years, and I wish that if you should not live to get it all that you make it so that Agnes would get it. * * * "

On March 10, 1919, the mother published and declared a codicil to her last will and testament, in which she bequeathed to the named niece the said insurance. Thereafter the mother died, and the last will and testament was probated, and demand was made by the executor upon the war risk insurance for the unpaid installments due under said policy. The said letter was likewise presented to the Bureau of War Risk Insurance, and payment demanded on behalf of the niece, as a beneficiary designated within the regulations.

A motion to dismiss is made on the part of the United States and the Bureau of War Risk Insurance. The other defendants have not appeared. It is

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

conceded that the unpaid installments of war risk insurance are not subject to the testamentary disposition by the beneficiary (Cassarello v. U. S. [D. C.] 271 Fed. 486), and that the right of the niece to recover must be predicated on the letter referred to. The contention of the plaintiff is that the letter is an equitable designation of beneficiary.

Walter B. Beals, of Seattle, Wash., for plaintiff.

John A. Frater, Asst. U. S. Atty., of Seattle, Wash., for defendant Forbes.

NETERER, District Judge (after stating the facts as above). [1, 2] The insurance policy is a contract between the insured and the Bureau of War Risk Insurance within the limitations of the War Risk Insurance Act (Comp. St. § 514a et seq.) and the regulations promulgated by the Bureau of War Risk Insurance, such regulations having the force of law (U. S. v. Birdsall, 233 U. S. 231, 34 Sup. Ct. 512, 58 L. Ed. 930; U. S. v. Grimaud, 220 U. S. 506, 31 Sup. Ct. 480, 55 L. Ed. 563), and the court judicially knows of the regulations by a department of the United States government (Caha v. U. S., 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415). The purpose of insurance, as expressed in the act (section 400), is to give greater protection to the soldiers and sailors and their dependents; for this protection the insured pays a stipulated compensation, based upon the American Experience Table of Mortality, and interest at 3½ per cent. per annum (section 402), and the beneficiaries are limited to spouse, child, grandchild, parent, brother, or sister (section 402), uncles, aunts, nephews, nieces (Bulletin No. 1). The insurance shall be payable only to the beneficiary (section 21, Act June 25, 1918, 40 Stat. 609, 615), and is exempted from taxation and debts, and is nonassignable (section 2, supra, as section 28 added to article 1, October 6, 1917, 40 Stat. 402).

[3] The insured may change the beneficiary in writing, signed by the insured, and witnessed by one person (Regulation 14, dated March 20, 1918). By amendment of this regulation dated February 24, 1919, the change may be made "by notice in writing to the Bureau of War Risk Insurance, signed by the insured, or by his duly authorized agent," the change to be effective when received and recorded in the War Risk Insurance Bureau. Under the regulations of February 24, 1919, if the insured had written to the bureau, supra, that upon the death of his mother, the beneficiary, to pay the unpaid installments to the niece, such designation would undoubtedly have been sufficient, and if the mother during her lifetime had notified the bureau, supra, in writing, pursuant to the provisions of the letter, that upon her death the unpaid installments should be paid to the niece, the designation would have sufficed. The intent to designate the niece as residuary beneficiary is explicitly established. Does the fact that the designation was by misapprehension of the laws sent to the mother, instead of the bureau, defeat the soldier's intent and right granted him under the insurance contract and law?

This inquiry must be answered in the negative. Is the designation made in harmony with the regulations at the time it was received by the bureau sufficient? Yes. The only purpose of the regulations, hav-

ng relation to change of beneficiary, is to enlarge the right of the insured, and to protect the insurer. To hold the designation in the letter sufficient does not change the liability of the insurer, and is within the privilege granted the insured. The brothers and sisters of the deceased soldier have no right, except that of blood relationship, and all right is determined against them by the expressed designation by the deceased in harmony with the regulations at the time it was presented. The execution and receipt of designation must be taken together. It takes both to conclude the issue, and form, formality, and legal technicality must give way to common sense and remedial justice, when all doubt is removed as to the intent of the deceased soldier; and when the purpose of the law has been complied with, there should be no hesitancy in carrying out the express wish of such deceased. The letter is a designation signed by the insured and the fact that it was sent to the mother to make the final designation, in the event of her death, instead of being sent to the bureau for record, should not defeat it.

[4] All that is necessary is that the real wish and purpose of the soldier, who exposed his life in the army for the safety of the government, should sufficiently appear (notes, Cooper's Justinian, p. 496, R. E.; Gifts Inter Vivos, Jaen-Marie Ricard, printed in Paris in 1754, p. 332); nor is it vital that notice of designation should be received by the bureau prior to the death of the insured. The regulations of February 24, 1919 (paragraph 3), provide for such a contingency:

"Before notice of such designation has been received and recorded by the bureau, payment shall be made to those entitled according to the laws of intestacy, as provided in section 402 of the War Risk Insurance Act."

Throughout the history of the civilized world, since the decrees of Julius Caesar, the intention and wish of the soldier, with relation to designation of beneficiary or disposition of property, killed in the line of duty, has been carried out when ascertained, whether it was scrawled in the sand with the point of his sword, or written on the scabbard of his sword or his shield (The Customs of Duchy of Burgundy, printed at Dijon, 1694, p. 410; Coutumes de Paris, column 51, Paris, 1714); and remedial justice requires, under the facts in this case, that the designation of the niece in the letter to the mother be established from the date of presentation to and record thereof by the Bureau of War Risk Insurance.