### DORLAND v WHITMER et

Ohio Appeals, 5th Dist, Stark Co

No 1269. Decided May 6, 1932

LEMERT, J.

The claim is made by plaintiff in error that all war risk insurance actions must be filed in the Federal Courts, and the further claim is made that the Common Pleas Court of Stark County, Ohio had no jurisdiction of the subject matter and that the plaintiff in error cannot be held and bound by such action. With this contention we do not agree.

In the **17 Oh Ap Reports**, at page 48, being the case of Wolcott v Wolcott, a Clark County case, decided December 8th, 1920, the Court of Appeals there held:

"Where a father has been made a beneficiary in war risk insurance by a soldier, a valid trust therein may be engrafted by a letter of instructions forwarded to the father and consented to by him at a time substantially contemporaneous with the designation of the father as beneficiary."

In the **38 Oh Ap Reports**, at page 57, the Court of Appeals of Franklin County, under date of April 16th, 1929, held:

"The Court of Appeals has jurisdiction to declare a trust in the undistributed proceeds of war risk insurance paid by the United States Government to the administratrix of a deceased soldier for distribution among the beneficiaries entitled thereto."

Further holding that where the evidence establishes an intent on the part of a soldier to make a certain member of his family the second beneficiary under his war risk insurance policy, such intent will be carried out, even though notice of the designation of the second beneficiary was not received by the Bureau of War Risk Insurance prior to the death of the insured.

We further find in the Cyclopedia of Insurance Law by Couch, Vol. 8, §2299, upon the matter of jurisdiction:

"Section 13 of the War Risk Insurance Act, as amended May 20, 1918, providing that, in the event of a disagreement as to a claim under a contract of insurance between the Bureau and any beneficiaries thereunder, an action on the claim may be brought against the United States in the District Court of the United States in and for the district in which such beneficiaries or any one of them, reside."

and this section is to be read in conjunction with Section 5 of the Tucker Act, providing, among other things, the right to bring such action and how service shall be made in order to obtain jurisdiction in an action by beneficiaries to recover on a policy of war insurance.

"By an Act of June 7th, 1924, the district courts of the United States have jurisdiction of suits at law to recover on a contract of war risk insurance. The Federal district courts, however, do not have exclusive jurisdiction of an action to establish a trust in proceeds of war risk insurance, and such an action may be maintanied in the state courts."

Citing the case of Mueller v Mueller, 222 Ill. App. Reports, at page 435, wherein it was held that the United States was neither a necessary nor a proper party to a suit to establish and enforce a trust in war insurance payments against the beneficiary named in the policy, and this court further held:

"The State Courts have jurisdiction of a suit to establish and enforce a trust in the funds being paid by the Government under

a war insurance policy on the life of a soldier."

From the foregoing decisions it will be noted that the State Courts have jurisdiction in such matters as are involved in the instant case and that the court below had the right to declare a trust, as it did, and that the court below had the right to make the order, such as was made, and the court below having found plaintiff in error guilty of contempt, that the court below had the right to enforce the order so made.

It therefore follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.