### CADY v. UNITED STATES et al.
### No. 605.

District Court, W. D. Washington, N. D.
July 12, 1933.

John J. Sullivan and George Mathieu, both of Seattle, Wash., for plaintiff.

Anthony Savage, U. S. Atty., Tom De-Wolfe, Asst. U. S. Atty., and Lester Pope, Regional Counsel, U. S. Veterans' Bureau, all of Seattle, Wash., for defendants.

NETERER, District Judge.

Trial by jury herein was waived, and the court finds that Edward Baker Cady enlisted in the military service of the United States, November 8, 1917, and was honorably discharged June 26, 1919, and deceased March 12, 1925; that while in service a $10,000 contract of war risk term insurance was issued to him, in which Violet Cady, his mother, was made beneficiary for $8,000, Lee Charles Cady, a brother, for $1,000, and Bessie Cady Trussell, a sister, for $1,000. The contract lapsed for nonpayment of premium July 1, 1919. September 18, 1920, the insured reinstated the insurance in the amount of $5,000, and premiums thereon were paid to December, 1921, inclusive. January 2, 1923, he applied for reinstatement of $5,000 and conversion to a 30-payment life policy, naming Katherine E. Cady, his wife, as beneficiary. This was rejected. On May 19, 1924, he made application for reinstatement of $10,000, upon which no reference was made to beneficiary or beneficiaries. The application was granted and was in force at his death, March 12, 1925. Thereafter, March 15, 1925, the Veterans' Bureau approved an award in favor of Katherine E. Cady, his widow, in the amount of $28.75 per month, being installments on $5,000 of the insurance. The remaining insurance was distributed in monthly payments to Violet Cady, mother, Lee Charles Cady, brother, and Bessie Cady Trussell, sister, in proportion to the amounts of the original designated beneficiary. The payments ceased March 31, 1926. The mother died March 31, 1926, and Katherine Cady, as administratrix of the estate of the insured, was paid $3,843, computed value of the remaining unpaid installments of $4,000 insurance, which were payable to Violet Cady during her lifetime.

The plaintiff has waived all claim to payments heretofore made to Violet Cady and to Lee Charles Cady and to Bessie Cady Trussell.

Demand was made by the plaintiff for payment of the remainder of the insurance, but prior to the commencement of this action this payment was denied.

While in service the insured was unmarried. After his discharge he married and there was born unto him two children, one of whom was suffering from strangulation at birth and is suffering from what is known to the medical profession as Little's Disease, unable to talk, walk, or move her body, and some of her internal organs have become paralyzed, though her mind is not impaired. The child needs constant nurse's care and attention.

That the insured believed that his wife was the sole beneficiary under his policy is apparent. The insurance was reinstated as a result determined by research and investigation that his disability was the direct result of his military service and that he was incurable, and at reinstatement he was a patient in the government hospital and discussed the matter of the beneficiary with the Bureau's contact representative whose duty was to aid, advise, and assist him with relation to the reinstatement, and this representative of the department says that he is satisfied that the deceased wanted and intended his wife to be the beneficiary of the full $10,000 of such policy, and understood that the policy and the papers necessary for such distribution had been made, and that both the deceased and the representative believed that all other and previous designa-

tions had been canceled, and that she was the sole beneficiary of the full policy, and that, with such belief and determination of mind on the part of the deceased and the representative of the Bureau, the policies were issued without further designation of beneficiary; that at the time the "deceased had in mind the fact that one of his children was totally and permanently disabled and in constant need of a mother's care and that his wife would be unable otherwise, without gift or charity, to properly care for his two infant children."

There is to me no possible question but that the real wish and purpose of the deceased was that the beneficiary should be his wife and that he and the departmental representative there for the purpose believed that every formal legal requirement had been performed. That this was the belief and conclusion of every one interested in this insurance, I think, is manifest by the record. The only interested parties are the beneficiary, wife, government, and the brother and sister.

The government is interested only in being protected against further claim. It has no right to the money, but must be protected in its payment. The brother and sister have been personally served with process and by default confess all of the claims made by the widow, and there is no escape from the conclusion that the state of mind of all of the parties was that the widow is the exclusive beneficiary. The disclosure by the record that the designation in fact was not formal cannot be controlling. This court in Claffy v. Forbes, 280 F. 233, 234, said: "The only purpose of the regulations, having relation to change of beneficiary, is to enlarge the right of the insured. * * *" To which should be added: "And protect the United States." Form, formality, and legal technicality must give way to common sense and remedial justice when all doubt is removed as to the intent of the deceased, which was understood by all parties to have been formally carried out, and when the purpose of the law has been complied with, by the meeting of the minds of all parties, and a technical formality was inadvertently omitted, there should be no hesitancy in carrying out the expressed wish of such deceased, even though it may now be found a legal formality has been omitted. Remedial justice requires, under the disclosed facts and the record in this case, that the designation of the widow as beneficiary should obtain. And the conclusion follows that judgment, less amounts paid Violet Cady and Lee Charles Cady and Bessie Cady Trussell, must be for the plaintiff.