**KASCHEFSKY v. KASCHEFSKY et al.**

Nos. 8199, 8200.

Circuit Court of Appeals, Sixth Circuit.

April 3, 1940.

Goetz & Weyher, of Detroit, Mich., for appellant and cross-appellee.

Donald B. Frederick, of Detroit, Mich., and Daniel Petermann, of Royal Oak, Mich., for appellees and cross-appellants.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

The suit which gave rise to the appeal and cross-appeal was against the beneficiary named in a war risk insurance contract and the United States, praying reformation of the policy to conform to the express intention of the war veteran for change of beneficiaries. The court, though concluding that the plaintiffs had established their right to reformation, assumed that complete relief could be granted by adjudicating the defendant a trustee, and directing him to account for funds received or to be received on the insurance contract. It therefore dismissed the bill as to the United States and entered a decree directing the defendant to pay to each plaintiff one-sixth of the entire proceeds received or to be received by him as the designated beneficiary of the policy. The plaintiffs' appeal challenges the adequacy of the relief and the cross-appeal the granting of any relief.

█ The evidence in the case not having been preserved, the facts found by the District Judge control. Condensed, they disclose that the insured war veteran was Fred Herman Kaschefsky, brother both of plaintiffs and defendant; that while a soldier in the army of the United States he was insured by a policy of war risk insurance in the amount of $10,000, with the defendant as the beneficiary named therein; that while stationed at Camp Jackson the soldier addressed several letters to his sister, Amelia Reis, expressing his intention to make all of his sisters and brothers equally participating beneficiaries of the insurance contract, as it was his original purpose to do when he applied for the policy, at which time he was, however, instructed to name but a single beneficiary. The court further found that after the death of the veteran a document purporting to be his will, disposing of property other than the proceeds of the insurance policy, was offered for probate but met with the opposition of the veteran's father, Godfrey Kaschefsky. To settle this controversy, plaintiff Adolph Kaschefsky and the father had an agreement prepared by an attorney in Royal Oak, Michigan, on January 6, 1919, later executed by all of the parties, by which they undertook not to contest the probating of the will, in consideration of the defendant agreeing to divide the insurance money equally among all of the brothers and sisters of the deceased. Starting in 1919 and continuing until 1935, the defendant carried out the agreement and distributed the proceeds of the policy. Thereafter distribution ceased upon the false representation by the defendant that the government had stopped payment. The action was brought to reform the contract of insurance, to require defendant to make payments as agreed, and for an accounting.

█ Upon the facts found, the court concluded that the plaintiffs had sustained the burden to establish a change of beneficiaries, and regarded the fact that the communications to that end did not reach the government until after the insured's death, to be immaterial. With these conclusions we agree. Claffy v. Forbes, D.C.Wash., 280 F. 233; Steele v. Suwalski, 7 Cir., 75 F.2d 885, 99 A.L.R. 588. The view expressed by the court in the first reference commends itself to us, "Form, formality, and legal technicality must give way to common sense and remedial justice, when all doubt is removed as to the intent of the deceased soldier; and when the purpose of the law has been complied with, there should be no hesitancy in carrying out the express wish of such deceased. The letter is a designation signed by the insured and the fact that it was sent to the mother to make the final designation, in the event of her death, instead of being sent to the bureau for record, should not defeat it." [280 F. 235.]

█ The court also came to the conclusion that the agreement of January 6, 1919, was supported by a valid consideration and entitled the plaintiffs to its specific performance, and that the deceased veteran, having done all that was within his power to do to effect a change in the beneficiary named in the insurance contract, the

defendant, when he undertook to receive the payments due thereunder and to distribute them to the beneficiaries intended by the deceased to receive them, was acting as a trustee for the other beneficiaries. With this we likewise agree. Ambrose et al. v. United States et al., D.C.N.Y., 15 F.2d 52.

Notwithstanding the view entertained below, the plaintiffs were, however, entitled to the complete relief prayed for in their bill. In view of the attitude of the defendant in refusing to carry out the agreement, and giving a false reason therefor, the plaintiffs ought not to be left to the uncertain remedy of a mere money decree, nor even put to the expense of initiating contempt proceedings, if indeed noncompliance with the court's decree, in view of its terms, might be regarded as contemptuous. Their right to receive their proportionate share of the avails of the policy from the government should be made certain and beyond the hazard of its dissipation defeating judicial process.

The cause is remanded for amendment of the decree eliminating therefrom the order dismissing the bill of complaint as to the United States, reforming the policy in conformity with the prayer of the bill, and for such other relief as is consistent herewith, and as so amended, the decree below is affirmed.