**LINCOLN BANK & TRUST CO. v.
UNITED STATES et al.**
Civil Action No. 1160.

District Court, W. D. Kentucky,
at Louisville.

June 4, 1947.

W. S. Heidenberg and Raymond F. Bossmeyer, both of Louisville, Ky., for plaintiff.

Brent C. Overstreet, L. G. Bradbury, and J. W. Jones, all of Louisville, Ky., for defendant Dorothy Elvira Walter.

David C. Walls, U. S. Atty., and A. Roy Copeland, Asst. U. S. Atty., both of Louisville, Ky., and William M. Lytle, of Washington, D. C., for defendant the United States.

SHELBOURNE, District Judge.

The question to be determined in this case is whether Elmer S. Heitz effected a change in beneficiary under a policy granted to him under the National Service Life Insurance Act of 1940 as amended Title 38 U.S.C.A. § 801 et seq.

This action was instituted by the Lincoln Bank & Trust Company, as guardian of Robert T. Heitz, the infant son of the soldier, Elmer S. Heitz and Margaret Heitz.

The soldier and his wife had been divorced prior to his entry into the Armed Service.

The insurance evidenced by the certificate issued pursuant to the National Service Life Insurance Act designated Catherine Heitz, mother of the soldier, as principal beneficiary and the defendant Dorothy Elvira Walter, the soldier's sister, as contingent beneficiary.

The question to be determined is whether by a letter directed to his mother, the soldier effected a change of all or any of the contracted insurance in favor of the son.

In the same letter, in which the soldier changed or attempted to change the beneficiary, he requested in the event of his death that his insurance be divided equally between Bobby Heitz (the son) and Carrie Lee Bunch, "the only girl I ever really loved." Carrie Lee Bunch was made a party to this action and filed her answer declining to plead.

The parties submitted the action to the Court upon a stipulation of facts, which is adopted here by the Court as—

### Findings of Fact

I. Plaintiff, Lincoln Bank & Trust Company, a corporation of the Commonweath of Kentucky, is the legally acting and duly qualified guardian of Robert T. Heitz, an infant born on the 26th day of August 1931.

II. The claim of plaintiff for the proceeds of the National Service Life Insurance of Elmer S. Heitz was duly presented to the United States Veterans' Administration on January 12, 1946, as provided by said statutes; and on June 12, 1946, the claim of plaintiff was disallowed by the Veterans' Administration. There is disagreement between the plaintiff and the Veterans' Administration as to the claim of plaintiff under the provisions of law applicable to the National Service Life Insurance.

III. Robert T. Heitz is the infant son of Elmer S. Heitz, who was an aviation ordnance man, Third Class, U. S. Naval Reserve in World War II.

IV. Elmer S. Heitz applied for and was granted National Service Life Insurance in the sum of $10,000, evidenced by Certificate N 13787922 under the provisions of the National Service Life Insurance Act of 1940 as amended; said policy of insurance being in full force and effect as of the time of the death of the said Elmer S. Heitz.

V. Elmer S. Heitz designated Catherine Heitz, his mother, as principal beneficiary and Dorothy Elvira Walter, his sister as contingent beneficiary of said life insurance policy.

VI. Elmer S. Heitz died on September 28, 1944, while in the active service of his country with the U. S. Navy and as a result of enemy action.

VII. Catherine Heitz, principal beneficiary, died on November 3, 1944, at which time no payment had been made under said policy, the first payment thereunder having been made on or about August 8, 1945, to Dorothy Elvira Walter, contingent beneficiary.

VIII. Defendant, Dorothy Elvira Walter, contingent beneficiary, is the sister of Elmer S. Heitz, deceased, and a resident of Louisville, Kentucky, and was born October 29, 1912.

IX. On June 9, 1944, Elmer S. Heitz wrote the following letter to his mother, Catherine Heitz:

"June 8th 1944

"Mother:

"The following instructions I want carried out as I hereby state in the event of my death:

"I have $10,000 in government insurance left to you, my Mother. In the event I am killed, I want you to divide this insurance equally between Bobby Heitz (my son) and Carrie Lee Bunch (the only girl I ever really loved). I am perfectly sane as I make this request and I trust that you Mother, will do as I wish.

"The balance of my assets are taken care of, by my will.

"I am giving you Carrie's address so that you can contact her in case of my death.

"Miss Carrie Lee Bunch
"5312 S. Cornell, Apt. 1
"Chicago, Ill.
        or
"C/O Terminal Barber Shop
"Palmer House Hotel,
"Chicago, Ill.
            "Loving you, Mother
                "/s/ Bud
                "/s/ Elmer S. Heitz"

X. On February 20, 1945, the above letter was filed for probate by the executor of the estate of Elmer S. Heitz in the Jefferson County Court as a codicil to the will of said Elmer S. Heitz and same was duly probated.

XI. Dorothy Elvira Walter was never requested, either directly or indirectly, by her brother, Elmer S. Heitz, to give to Robert T. Heitz or Carrie Lee Bunch, or

to any one else, all, or any part, of the proceeds of said life insurance policy which might be received by her as contingent beneficiary thereof; that Dorothy Elvira Walter was the only sister of Elmer S. Heitz; that an affectionate relationship existed between them at the time she was made contingent beneficiary of said life insurance policy, and continued until the death of Elmer S. Heitz.

XII. Carrie Lee Bunch, referred to in the letter of Elmer S. Heitz above set out, is not now nor has she at any time been related to Elmer S. Heitz by blood or marriage; and the said Carrie Lee Bunch is not in the class of beneficiaries permitted under the provisions of the National Service Life Insurance Act. Title 38 U.S.C.A. § 802(g).

XIII. Elmer S. Heitz had been divorced by his wife Margaret Heitz, prior to his entry into the Armed Services; Margaret Heitz is the mother of Robert T. Heitz and was awarded the care, custody and control of Robert T. Heitz in the divorce action above mentioned.

XIV. On January 12, 1946, a claim for the proceeds of the National Service Life Insurance of Elmer S. Heitz having been presented by the guardian of Robert T. Heitz to the Veterans' Administration, payments to the defendant Dorothy Elvira Walter ceased on March 28, 1946, and no further payments since said time have been made.

### Conclusions of Law

I. This Court has jurisdiction of the parties to this action and of the subject matter. National Service Life Insurance Act. Title 38 U.S.C.A. § 817 and Title 38 U.S.C.A. § 445.

II. Under the Act (§ 802(g)) the insured, Elmer S. Heitz, had the right to designate the beneficiary, and to change the beneficiary without the latter's consent, but only within the classes enumerated within the Act.

III. The burden of proof is upon the plaintiff Lincoln Bank & Trust Company, guardian of Robert T. Heitz, to establish (a) That the insured manifested "an intent to make a change and (b) has done everything reasonably within his power to accomplish his purpose, leaving only ministerial acts to be performed by the insurer." Roberts v. United States, 4 Cir., 157 F.2d 906; Bradley v. United States, 10 Cir., 143 F.2d 573; Kaschefsky v. Kaschefsky, 6 Cir., 110 F.2d 836.

IV. The letter written by the soldier to his mother, dated June 8, 1944, is a "designation signed by the insured" and the fact that the soldier sent the letter to his mother, rather than to the Government, and that he requested the mother to divide the insurance equally between his infant son and his sweetheart, should not defeat the soldier's express wish. Claffy v. Forbes, D.C.Wash., 280 F. 233; Kaschefsky v. Kaschefsky, supra.

V. The attempt to name Carrie Lee Bunch as a beneficiary fails because she is not within any of the classes enumerated in § 802(g) of the Act. The original designation remains in force as to the one-half of the proceeds of the policy attempted to be transferred to Carrie Lee Bunch. The defendant Dorothy Elvira Walter is therefore entitled to one-half the proceeds. Elliott v. United States et al., D.C., 271 F. 1001; Jones v. United States, D.C., 61 F.Supp. 406.

VI. The change of beneficiary as to the infant son of insured was completed, but only as to one-half the proceeds of the policy. The insured did not intend more.

VII. Five Thousand ($5,000) Dollars of the face value of the policy is payable to defendant Dorothy Elvira Walter. A like amount of the face value of said policy is payable to the plaintiff, Lincoln Bank & Trust Company, as guardian of Robert T. Heitz.

VIII. The defendant Carrie Lee Bunch, having been duly summoned in this action and appearing by Counsel for the purpose of showing her declination to claim in this action any of the proceeds of said policy of insurance, is barred from hereafter asserting any claim thereto.

IX. The United States is not liable for judgment for repayment, in any event, of the installments which have heretofore been paid to Dorothy Elvira Walter. Such installments paid to Dorothy Elvira Wal-

ter should be charged to the one-half interest in policy adjudged to her.

Judgment in accordance with the above holdings will be tendered by Counsel for plaintiff on notice to the District Attorney of this Court and to Counsel for defendant Dorothy Elvira Walter.