**ANGLE v. BAKER et al.**

No. 956.

United States District Court
E. D. Tennessee, N. D.

Dec. 6, 1948.

Lowe & Thomson, Knoxville, Tenn., for plaintiff.

Smith & Smith, Knoxville, Tenn., Dannel & Fowler, Loudon, Tenn., for defendants.

James B. Frazier, Jr., U. S. Attorney, Knoxville, Tenn., for the United States.

GEORGE C. TAYLOR, District Judge.

Suit was commenced for determination by the Court of the party entitled to receive payment of benefits provided in insurance certificate No. N–16470757, issued by the United States of America to John J. Angle under the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 801 et seq. In his application for insurance, the insured named his wife, who is now Jacqueline Ruth Angle Baker, as beneficiary of $5,000 and his father, Charles James Angle, as beneficiary of the other $5,000. No contingent beneficiary was named in the application.

The insured lost his life while in the service of the United States Navy on November 12, 1944. Benefit payments under the policy were made to the named beneficiaries until the death of Charles James Angle on November 10, 1945. Thereafter the plaintiff, widow of Charles James Angle and mother of the insured, filed claim for payments that would have gone to her husband, had he lived. The defendant, widow of the insured, also filed claim for those payments. The Veteran's Administration determined that the widow of the insured was the party entitled, and this suit was brought by plaintiff for a decree directing reformation of the policy and payment to her of the insurance benefits in controversy.

This is not the usual case involving an attempted change of beneficiary. The insured made no attempt to change either beneficiary, and there is nothing of record here indicating that he had any wish or intention to make a change. Disagreement is as to the existence of a contingent beneficiary, and the question is whether such facts appear as may be regarded as the designation of the plaintiff as contingent beneficiary after the insured's father.

A letter was offered in evidence in support of plaintiff's claim that she should be adjudged a contingent beneficiary. This letter, dated October 6, 1944, contains the following:

"Dear Mom and Dad * * * I don't guess I ever mentioned it to you, but when I first joined the navy I took out ten thousand dollars insurance. I made five thousand out to Jackie and five thousand to you all. I don't suppose they send you a policy but never the less it's on the books and I wanted you all to know about it. Of course I don't expect to die or anything like that in the near future, but it's only business-like to prepare for any eventuality. So if anything were to happen you'll know what is due you. * * *"

Witnesses for the plaintiff were the plaintiff herself and her sister. Both testified that the defendant, referred to consistently as Jackie, also received a letter from the insured in which he stated that he was making his insurance to Jackie and to "dad," that Jackie in commenting to them on the naming of the beneficiaries stated that the insured of course meant that both of his parents should have the five thousand dollars which he was leaving to his father. Defendant testified that her statements were made only by way of consoling the mother, who was unhappy because the insured had not named her, also, as a beneficiary. She further testified that she and her husband, the insured, had discussed the matter of naming beneficiaries, that the insured was especially fond of his father, who had been in poor health for several years, and that he

believed it would be a source of happiness to the father to know that he had been thus remembered by the insured.

 In cases where letters have been the means of effecting change of beneficiary, two elements have been present: Unmistakable evidence of a wish and intention to change the beneficiary, and affirmative acts directed to that end. Kaschefsky v. Kaschefsky et al., 6 Cir., 110 F.2d 836; Bradley v. United States, 10 Cir., 143 F.2d 573. Ordinarily the affirmative acts have been directed to some official of the Government, but where a letter may be construed as naming the recipient as agent of the insured for the purpose of effecting the change, the naming of the agent is an affirmative act which may satisfy requirements. Lincoln Bank & Trust Co. v. United States et al., D. C., 71 F.Supp. 745; Egleston v. United States, D.C., 71 F.Supp. 114. The cases do not sustain as sufficient a mere statement of what the insured has done.

 In the case here, there is no proof of a defeated intention to name a contingent beneficiary. The insured's letter indicates that he was a person of good judgment and possessed at least a fair education. His application—his one affirmative act in connection with the naming of beneficiaries—shows an intention to name his wife and his father, for that is what he did. Other than the quoted letter, there is no proof that he expressed a wish to change beneficiaries or to add a beneficiary. There occurred no change in family status. He was married when he entered the service and when he made out the application for insurance, and there is nothing to indicate a change of purpose or affections. If the letter to his parents is construed as indicating a belief that he had made part of his insurance to "you all," meaning both parents, it proves no more than a mistaken belief; it does not prove an intention to inquire into the matter, nor does it direct his parents to ascertain the truth and have the insurance certificate conformed to an expressed wish. Inadequate as to proof of intention and devoid of any proof of affirmative acts aimed at adding a contingent beneficiary, the plaintiff's case must fail.

Devolution of payments, in the absence of a contingent beneficiary, is governed by the Act, section 802(h) (3) (A):

"Any installments certain of insurance remaining unpaid at the death of any beneficiary shall be paid in equal monthly installments in an amount equal to the monthly installments paid to the first beneficiary, to the person or persons then in being within the classes hereinafter specified and in the order named, unless designated by the insured in a different order—

"(A) to the widow or widower of the insured, if living."

The widow of the insured tops the list set out in the order of preference. The determination by the Veterans' Administration that upon the death of the insured's father installments remaining unpaid at his death should be paid to the insured's widow, was in accord with judicial decisions and the statute and is correct. The defendant, Jacqueline Ruth Angle Baker, is therefore entitled to judgment and a directive that the accrued and future installments of insurance benefits here in controversy be paid to her. The United States, the other defendant, is entitled to judgment on its counterclaim for interpleader.

An order of final judgment will be prepared accordingly.