**FORD v. UNITED STATES et al.**

**Civ. A. No. 1046.**

United States District Court
E. D. Tennessee, N. D.

Jan. 6, 1949.

Andrews, Christenberry & Mann, Knoxville, Tenn., for plaintiff.

Cates, Fowler, Long & Fowler, Knoxville, Tenn., Otto Ault, U. S. Dist. Atty., Chattanooga, Tenn., for defendants.

GEORGE C. TAYLOR, District Judge.

Plaintiff is the mother of Lt. Fred. Clarence Ford, Jr., of the American Air Force, who was killed in action November 26, 1944. Defendant, Mrs. Bloomfield, was the wife of deceased until the time of his death. Suit is to determine the rightful claimant to benefits under National Service Life Insurance Certificate No. N-6 112 799 in the principal sum of $10,000.00. The parties are in agreement as to most of the pertinent facts, being in disagreement, however, as to whether there was a change of beneficiary.

Insured entered military service in 1942. His insurance certificate, effective August 26, 1942, named his mother, the plaintiff, as beneficiary. He married defendant December 30, 1943, and thereafter named his wife as his beneficiary. No children were born to the marriage. Plaintiff filed claim with the Veterans Administration, asserting that she was entitled to the insurance benefits for the reason that her son had made a second change of beneficiary, this time in her favor. The Veterans Administration rejected the claim on the ground that there had been no change of beneficiary in plaintiff's favor, and the Board of Veterans Appeals affirmed. Plaintiff then brought this suit for a determination that she is the party entitled to the insurance benefits and for an order that the insurance policy be reformed so as to name her as the beneficiary therein.

Evidence intended to show a change of beneficiary from the wife to the mother is contained in three exhibits filed by plaintiff, and in oral testimony of plaintiff's witnesses. June 8, 1943, the insured executed his last will and testament in which he named his mother as sole beneficiary of his estate. On the same date he executed a general power of attorney, naming his father as his attorney-in-fact. Probative value of these two instruments is negatived

by the fact that both were executed more than six months prior to the insured's marriage. Moreover, the father testified that he made no attempt under the power of attorney to effect a change of the beneficiary of his son's Government insurance. And the power of attorney itself delegates no authority as to matters of life insurance.

The third exhibit is a letter written by the insured October 28, 1944, about a month before his death. It contains the following: "So you think I should change the allotment back to mother or not? I do want to be sure she has those Dr. bills paid etc. I've already changed the Ins. & you've always been my power of attorney. I certainly want to do this thing right. I've said enough for her to ask for a divorce, but if she don't I'll have to. I know I have to be careful. If I ask for a divorce she can't say a word can she? Give me a little dope on that sort of stuff willya?"

Principal witness for plaintiff was Wm. B. King, who was a fellow officer with the insured in the European Theater of Operations. King testified that he and the insured were together on numerous occasions, bunking together at times, and that the insured treated him as a confidant with respect to his married life. Subject to defendant's objection, King was permitted to testify that the insured told him he was unhappily married, intended to divorce his wife and to change the beneficiary of his insurance from his wife to his mother, and that when, after returning from a mission a short time before the insured's death, he again saw the insured, the latter told him he had changed the beneficiary of his insurance. Pressed on cross examination for an exact quotation, the witness gave varying versions of the incident and did not identify the insurance referred to. After a court recess, he was recalled for further direct examination, at which time he gave substantially the following quotation: "Billie, I have changed the beneficiary on my Government insurance from my wife to my mother and father." This statement, the witness testified, was made in October, 1944.

The testimony of King is of more significance as negative than as positive testimony. Nothing in it indicated that King saw the insured sign any papers purporting to designate a change of beneficiary, or that he saw any such papers in the insured's possession, or that he accompanied the insured to any office or post for the purpose of obtaining or signing any papers relative to insurance. Nor is there anything in the testimony as to what the insured did by way of effecting a change of beneficiary.

Defendant's evidence consisted principally of a certified photostatic copy of the insured's military record. That the insured changed the beneficiary of his insurance from his mother to his wife is not controverted. There is a photostatic copy of a completed form by which the insured designated his wife as the person to receive the six months' gratuity in case of his death. This form is dated April 14, 1944. A number of letters written by the insured to his wife during the summer of 1944 were read into the record. Nothing in any of the letters indicated an unhappy marriage. On the contrary, the letters were generally affectionate. King testified that the insured told him he was unhappily married, was inebriated at the time of his marriage, and knew nothing about it until the next morning. Nevertheless, the insured lived with his wife thereafter, until he went overseas in the spring of 1944.

■ Recently in the case of Angle v. Baker, 94 F.Supp. 386, this Court stated what it believes to be the well recognized rule with respect to effecting a change of beneficiary in National Service Life Insurance policies. There must have been an intention on the part of the insured to change the beneficiary, and the intention must have been accompanied by some affirmative act having the change as its objective. In the Angle case this Court said: "Ordinarily the affirmative acts have been directed to some official of the Government, but where a letter may be construed as naming the recipient as agent of the insured for the purpose of effecting the

change, the naming of the agent is an affirmative act which may satisfy requirements. Lincoln Bank & Trust Co. v. United States, D.C., 71 F.Supp. 745; Egleston v. United States, D.C., 71 F.Supp. 114. The cases do not sustain as sufficient a mere statement of what the insured has done."

In the present case there is little acceptable evidence of an intention to change the beneficiary. There is no proof of an affirmative act, aimed at effectuating an intention. The case relied on by plaintiff is Mitchell v. United States, 5 Cir., 165 F.2d 758. That case in the district court was styled Rutledge v. United States, D.C., 72 F.Supp. 352. There the soldier was single when he named his mother as beneficiary of his insurance. He afterwards married, went overseas, and was killed in action. In addition to ample evidence of an intention to change the beneficiary of his insurance from mother to wife, it was proved that he took positive steps to effect the change. A fellow officer testified that he accompanied the insured to a camp office, stood by him in a line, saw him filling in blanks in a change of beneficiary form, and saw him write his wife's name on the line provided for the beneficiary's name. Afterwards an army clerk at the office mailed a copy of the form to the wife, the copy showing that she had been designated as the beneficiary of her husband's insurance. The original paper was lost. Upon the foregoing, supplemented by letters and remembered statements, the district court held that the necessary affirmative acts had been shown, and decided that the insured's widow was entitled to the insurance benefits. The Circuit Court of Appeals affirmed the decision.

Plaintiff's case here falls far short of the factual situation of the Mitchell case. The burden is upon the one undertaking to show a change of beneficiary to prove by a fair preponderance of evidence that the insured took affirmative steps to effectuate an intention to make the change. Rutledge v. United States, D.C., 72 F.Supp. 352. It is the Court's opinion that in this case there is not sufficient proof of either the intention or the affirmative acts to justify a finding of change of beneficiary.

Defendant, Mrs. Jeanne M. Bloomfield, is therefore entitled to judgment, and a directive for payment to her of the insurance benefits. The United States of America, the other defendant, is entitled to judgment on its counterclaim for interpleader.

An order of final judgment will be prepared accordingly.