**ROYER v. UNITED STATES et al.**

**Civ. No. 1069.**

United States District Court
E. D. Tennessee, N. D.

Oct. 31, 1950.

Jennings, O'Neil & Jarvis, Knoxville, Tenn., for plaintiff.

Poore, Cox, Baker & McAuley, Knoxville, Tenn., for defendant, Robert Hammersten, a minor, Ferdinand Powell, Jr., Asst. U. S. Atty., Knoxville, Tenn., of Counsel for the United States.

ROBERT L. TAYLOR, District Judge.

Plaintiff has filed suit as claimant of the benefits of the National Service Life Insurance contract of her deceased husband, the insured, under Certificate No. N-15-754-717. The United States of America, admitting liability and assuming the role of stakeholder, had the originally named beneficiary impleaded as a defendant. The only question is whether or not there was a change of beneficiary.

The insured soldier entered the Army November 27, 1942. The insurance contract here sued on became effective December 1, 1942. The insured, Henry L. Hammersten, was killed in action June 1, 1944. He was unmarried when he entered the service, and initially he named a minor brother, Robert Hammersten, as principal beneficiary of his insurance contract, with another brother, William Hammersten, as contingent beneficiary. He married the plaintiff March 6, 1943, and a child that bears the soldier's name, was born to plaintiff November 25, 1943. Plaintiff has testified to certain conversations she had with her husband during the short period between the time of their marriage and his going overseas, the substance of statements she attributed to him being that he had made her the beneficiary of his insurance. It is not disputed that he effected an allotment in her favor after their marriage; also, that he executed in her favor W. D., A. G. O. Form No. 41, headed "Designation of Beneficiary."

Heretofore this Court has had occasion to examine numerous decisions that disposed of cases similar to the one now before it. See, in this Court, Angle v. Baker, 94 F.Supp. 386 and Ford v. United States, 94 F.Supp. 223. In the Angle case the Court stated the controlling elements in this kind of case to be evidence of an intention to change the beneficiary, coupled with a showing of some affirmative act aimed at giving effect to the intention. The Court cited Kaschefsky v. Kaschefsky et al., 6 Cir., 110 F.2d 836, and Bradley v. United States, 10 Cir., 143 F.2d 573, and added: "Ordinarily the affirmative acts have been directed to some official of the Government, but where a letter may be construed as naming the recipient as agent of the insured for the purpose of effecting the change, the naming of the agent is an affirmative act which may satisfy requirements. Lincoln Bank & Trust Co. v. United States et al., D.C., 71 F.Supp. 745; Egleston v. United States, D.C., 71 F. Supp. 114. The cases do not sustain as sufficient a mere statement of what the insured has done."

More recent cases than those cited have not changed the general principle that an affirmative act must have attended the intention to effect a change. Courts are in accord in recognizing that peacetime standards of exactitude are not to be applied to the acts of soldiers under wartime conditions, but that the wish of the service man is to be given effect where he has taken some affirmative action intended to make the wish effective.

In line with the stated principles, three exhibits, or parts of exhibits, are decisive of this case. The first is the soldier's letter, written unquestionably after he had received his death wound and found addressed among his personal belongings:

"Hello, Darling. Honey when you get this letter please brace yourself for I know what it will mean to you but I hope you never have to because if you I shall be gone to another place. Darling I love you more than life its self you know that. Look Honey you know that I have a $10,000 yes ten thousand dollar insurance and I leave it to you so you will get along alright as

far as money is concerned. Honey I don't want you to grieve me to much please write my mother and tell her that I am gone.

"Honey you are still young so please marry again you should not live alone I will understand it is not that I don't love you don't never think that but it is best for you I know darling.

"I love you Honey this is for you and baby.

"Hank. X X X X X X X X X X X X X
"P. S. I am crying like a baby writing this I love you darling."

In the foregoing there is the final manifestation of a soldier's wish. The language does more than suggest a dying hour desire; it indicates a belief that all had been done that was necessary to make certain that his wife, to whom the letter was addressed, would receive the insurance benefits. That belief could have existed then only because of a pre-existing intention that the benefits should be hers.

The second document is contained in the official record of the soldier. It is headed "Designation of Beneficiary," and it designates Maxine Hammersten as the person "eligible to be my beneficiary," and describes her as his wife. His mother, Eva Hammersten, is named as contingent beneficiary. This document is W. D., A. G. O. Form No. 41.

The third document, or part of the same, is page 15 of the soldier's Service Record, which contains the following entries made by a person whose initials were S. C. D., and who is elsewhere shown to have been Second Lieutenant S. C. Deitrick:

"Sol. married Maxine Williams on Mar. 6th, 1943, at South Mills, N. C. Marriage certificate viewed by me March 10th, 1943. Verified, SCD.

"Mar. 10/1943, Bene. changed to read Maxine Hammersten, wife. Cont. Bene. Eva Hammersten, mother. Emergency Addressee: Maxine Hammersten, wife, 348 52nd St., Newport News, Va. SCD

"Sex morality, Jul. 27, 1943.

"Service period governed by Service Extension Act of 1941.

"NSLI Act as amended [38 U.S.C.A. § 801 et seq.] explained."

There is nothing in W. D., A. G. O. Form No. 41 to indicate the nature of that of which the named persons are to be the beneficiaries, whether of the customary six-months gratuity in case of death of the soldier or of his life insurance. But that deficiency is not decisive. The key to the problem's solution is in the quoted portion of the Service Record, which contains official entries, not those of the soldier. The key is in the words, "Mar. 10/1943, Bene. *changed* to read Maxine Hammersten, wife." (Underscoring supplied.) Whatever the word "designation" may relate to in W. D., A. G. O. Form No. 41, there can be no ambiguity about the words, "beneficiary changed," in the Service Record. In Webster's Intercollegiate Dictionary (1941 ed.) the verb *change* is thus defined: "To alter by substituting something else for, or by giving up for something else; to put or take another or others in place of." The entries in the Service Record furnish the basis for but one inference, and that is that on March 10, 1943, the soldier went to the officer, L. C. Deitrick, exhibited his marriage certificate, and requested that the beneficiary of his insurance be changed, naming his wife in the place of the prior beneficiary. This interpretation of the entry is in no way negatived by the W. D., A. G. O. Form 41, which also bears date of March 10, 1943, and which *designates* the soldier's wife as beneficiary of an undefined contract or benevolence.

■ In the Court's opinion, the insured intended to make the plaintiff the beneficiary of his insurance and took the affirmative steps which he believed would effect the necessary change in her favor. She is accordingly entitled to a decree, directing payment of the insurance benefits to her. The United States is entitled to judgment on its counterclaim for interpleader.

Let an order of final judgment be prepared.