## BLANCHARD v. UNITED STATES et al.
### Civ. A. No. 769.

United States District Court
D. New Hampshire.
June 14, 1950.

Ernest L. Bell, Jr., James S. Davis, Francis H. Ayer, all of Keene, N. H., for plaintiff.

Robert D. Branch, John J. Sheehan, U. S. Attys., both of Concord, N. H., for the United States.

Walter H. Gentsch, East Jaffrey, N. H., Robert W. Upton, Richard F. Upton, and John H. Sanders, all of Concord, N. H., for Barcomb.

CONNOR, District Judge.

Action under the National Service Life Insurance Act, Title 38 U.S.C.A. §§ 801–818, with jurisdiction conferred by Section 817 thereof. The plaintiff is the mother of a deceased veteran, Wallace F. Blanchard, and the defendants are his widow, Eva

Cody Blanchard Barcomb, and the United States of America. At the time of his induction, January 3, 1941, Blanchard was married, but for some time had been living separate from his wife. Their marital life had been attended with considerable discord. A libel for divorce, instituted by Blanchard in January, 1938, was dismissed without prejudice, and a subsequent libel, filed by him September 9, 1943, abated upon his death.

The evidence discloses that after his induction, Blanchard was assigned to Camp Devens, Massachusetts, and later transferred to other camps, with overseas duty in Australia, where he served from February 18, 1942, to August 6, 1943. He was honorably discharged shortly after his return to this country and died October 24, 1943. At the time of his decease, there was in force under the Act a policy in the sum of $10,000, the named beneficiaries being Minnie Blanchard, his mother, and Joseph Blanchard, his father, each in the sum of $5,000. Payments to both beneficiaries commenced, and upon the death of the father in 1947, the monthly payment, formerly paid to him, was thereafter paid to the veteran's widow, apparently in compliance with Section 802(h) (3) (A) of the Act.

The mother of the veteran, by appeal to the Board, contested the ruling of the Veterans' Administration that the widow is entitled to receive the monthly payments under the policy which theretofore had been paid to Joseph Blanchard; and the present action is in the nature of a trial de novo, praying that it be adjudged that she is entitled to the entire proceeds of the policy and that the policy be reformed to conform with the intention of the insured to name her as contingent beneficiary.

The claim of the plaintiff is grounded upon the contention that the expressed desire of the veteran was that the benefits under the policy would go to his father and mother or to the survivor, with the wife to receive nothing, and that the application does not reflect the objective which the insured had in mind at the time of execution.

The evidence varies as to the precise beneficial status Blanchard wished to accord to his parents under the policy. There is testimony that during Blanchard's processing at the reception center, the matter of insurance was discussed, but it does not appear that any policy was then issued. The mother, other members of the family, and certain neighbors testified to the effect that the insured had stated that the only beneficiaries of the policy were his parents. The documentary evidence before me consists of an application on Insurance Form 350, for coverage in the amount of $10,000, executed by the deceased just prior to his departure for overseas duty, with the requested effective date thereon being February 1, 1942; also a certificate issued by the Administrator of Veterans' Affairs, Insurance Form 360, dated May 14, 1942, certifying to the fact that the veteran did make application for insurance in this amount, with the effective date as requested. In typing the application, the form was not strictly followed, in that the space for designation of a contingent beneficiary was used to designate a principal beneficiary by inserting therein the name of Blanchard's father, and striking out the word "contingent" to the left of the space.

While there appears to be a paucity of cases dealing with initial designation of beneficiaries, there are numerous holdings relative to substitution of beneficiary out of which have been formulated one or more principles. These principles, and those which have heretofore obtained in respect to the reformation of contracts, are to be here utilized.

■■ Upon the oral evidence, it is findable that it was the expressed intention of Blanchard that his parents would share the entire benefits of this policy to the exclusion of his wife. This, however, falls short of the proof necessary to grant the relief here asked. The primary obstacle to the plaintiff's recovery is the signed application of the soldier, for such must be presumed to be his voluntary act, expressive of his wishes. It is fundamental that a written document must be accorded the force and effect which it implies, and, until such time as competent and compelling evidence is submitted establishing mistake or fraud, will be deemed conclusive. If it is to be reformed, it is essential that there be

explanatory proof of what transpired at the time of execution as bearing on the question of mutuality of mistake. The irregular execution of the application, considered in conjunction with testimony as to the intention of the soldier, invites inquiry as to whether there was mutual mistake on the part of army personnel and the applicant in executing the application. Absent such evidence, the record does not warrant an order of reformation.

 As above noted, litigation under the Act has evolved the rule that to effect a change of beneficiary some affirmative action must be taken in addition to the mere expression of intent. The degree required varies from that sufficient to make clear the intention of the insured to effect a change, which is the so-called liberal rule, to the strict rule requiring a showing that the insured did everything reasonably within his power, leaving only ministerial acts to be performed to effectuate the change. The minimum, however, has been held to require proof of some affirmative act in the form of a writing, even though meager, so long as it was by the hand of the insured. Cohn v. Cohn, 84 U.S.App.D.C. 218, 171 F.2d 828, certiorari denied, 336 U. S. 962, 69 S.Ct. 892, 93 L.Ed. 1114; Farmakis v. Farmakis, 84 U.S.App.D.C. 297, 172 F.2d 291, certiorari denied, 337 U.S. 958, 69 S.Ct. 1535, 93 L.Ed. 1757; Mitchell v. United States, 5 Cir., 165 F.2d 758, 2 A.L. R.2d 484; Bradley v. United States, 10 Cir., 143 F.2d 573; cf. Annotation 2 A.L.R.2d 489, with summary at page 509.

Designation of beneficiary and change of beneficiary differ only in terms, but with identical result. The same purpose is accomplished whether it is a step in applying for insurance or resorted to after the policy has been validly issued. Logically, the rule would seem to have equal application to original designation as well as to subsequent change of beneficiary. Lacking is any written evidence indicative of affirmative action to support and carry out the expressed intention of the soldier, and thus the rule is of no aid to the plaintiff.

Conferred upon the applicant was the right to nominate both principal and contingent beneficiaries. Failure of full exercise of this right amounts to a waiver thereof, and his contingent beneficiary is designated by operation of law.

Upon submission of statement of services for determination of counsel fees, judgment for the defendants will be entered.