## TRATHEN v. UNITED STATES et al.

### Civ. No. 10761.

United States District Court
E. D. Pennsylvania.

April 20, 1951.

John W. Dickerson, of Philadelphia, Pa., and John E. Lavelle, of Ashland, Pa., for plaintiff.

J. C. Bowen, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for defendant.

Cletus C. Kilker, of Girardville, Pa., for additional defendant.

BARD, District Judge.

This is an action brought under the National Service Life Insurance Act[1] and the World War Veterans' Act[2] to recover the proceeds payable under a National Service Life Insurance contract. It is now before me on plaintiff's motion for summary judgment and on defendant's motiton for summary judgment in favor of additional defendant.

Plaintiff is Stephen Trathen, a resident of Philadelphia, Pennsylvania, and the father of Henry R. Trathen, deceased. Defendant is the United States of America. Additional defendant, brought in by the United States, is Mary Trathen Kerrigan, a resident of Girardville, Pennsylvania.

1. Act of October 8, 1940, c. 757, Title VI, Part I, § 617, 54 Stat. 1014, as amended, 38 U.S.C.A. § 817.

2. Act of June 7, 1924, c. 320, §§ 19, 500, 43 Stat. 612, 628, as amended, 38 U.S.C.A. §§ 445, 551.

The relevant facts, admitted by all parties, are:

On April 20, 1935 Henry R. Trathen was ceremoniously married to Mary Trathen, now Mary Trathen Kerrigan. On or about June 1, 1943 and on or about November 10, 1943 Henry R. Trathen entered into contracts of National Service Life Insurance with the United States, each in the amount of $5,000, and in each contract he named his mother, Catherine Wills Trathen, as his sole beneficiary. Henry R. Trathen duly performed all the conditions required of him by this contract of insurance. On April 12, 1945, while a member of the armed forces of the United States, Henry R. Trathen was killed in action in Germany. No children were born of the marriage between Henry R. Trathen and Mary Trathen. On May 26, 1945 Mary Trathen was ceremoniously married to Martin Kerrigan.[3]

After the death of Henry R. Trathen, the proceeds of the National Service Life Insurance contract were paid by the Veterans' Administration to Catherine Wills Trathen in certain installments. Catherine Wills Trathen died on May 25, 1949, before all the installments had been paid. Thereafter, and until May 1, 1950 when a "suspend payment" order was issued, $30.15 was paid monthly to Mary Trathen Kerrigan, the person thought by the Veterans' Administration to be entitled to the balance of the proceeds because no contingent beneficiary had been named by Henry R. Trathen.[4] Monthly installments of $30.15 are payable through December 12, 1958 and a final installment of $25.25 is payable on January 12, 1959.[4]

The sole question in this case is whether, under the above facts, Mary Trathen Kerrigan is Henry R. Trathen's "widow" within the purview of Section 602(h) (3) of the National Service Life Insurance Act.[5]

Section 602(h) (3) provides:

"(3) *Any installments certain of insurance remaining unpaid at the death of any* beneficiary *shall be paid* in equal monthly installments in an amount equal to the monthly installments paid to the first beneficiary, *to the person or persons then in being within the classes hereinafter specified and in the order named*, unless designated by the insured in a different order—

"(A) *to the widow* or widower *of the insured,* if living;

"(B) if no widow or widower, to the child or children of the insured, if living, in equal shares;

"(C) *if no widow,* widower, or child, *to the parent* or parents *of the insured* who last bore that relationship, if living, in equal shares; * * *." (Emphasis added.)

There is no dispute over the fact that as of the date of Henry R. Trathen's death, Mary Trathen Kerrigan was his lawful widow.

Defendant and additional defendant contend that Mary Trathen Kerrigan's right to the proceeds became fixed and vested as of that date, and that subsequent events have no effect whatsoever.

Plaintiff contends that under the wording of the statute Mary Trathen Kerrigan's right to the proceeds did not vest until she was entitled to receive them, that when she remarried one and one-half months after Henry R. Trathen's death she lost her status as his widow, and that therefore when the named beneficiary died four years later she was not entitled to the proceeds.

I accept plaintiff's contention.

The above quoted section of the statute expressly states that upon the death of the named beneficiary the remaining unpaid installments "shall be paid * * * to the person or persons *then in being* within the classes hereinafter specified and in the order named" unless insured designated a different order.

In the instant case Henry R. Trathen did not name a contingent beneficiary nor did he specify a different order. Since he left

---

3. This fact is averred by plaintiff in an affidavit, and stated by defendant and additional defendant in their briefs.

4. These facts are averred in the answers and the affidavit filed by defendant and additional defendant, and are neither admitted nor denied by plaintiff. They are not material to the determination of these motions.

5. 38 U.S.C.A. § 802(h) (3).

no child surviving, defendant and additional defendant argue under their contention that the statute fixes the order of priority of the claimants as (A) Mary Trathen Kerrigan, his widow at the time of his death, and (C) Stephen Trathen, his father.

At what point of time do the claimants have to be "then in being" in order to receive the remaining unpaid installments? It seems to me that the logical and plain meaning of the above language of the statute is that "then in being" refers to the point of time "at the death of any beneficiary". As applied to the instant case, the claimants must be "then in being" at the time of Catherine Wills Trathen's death on May 25, 1949.

"Widow" is defined as an unmarried woman whose husband is dead. Bouvier's Law Dictionary 3454, (Rawle's 3rd Rev. 1914); Funk & Wagnalls New Standard Dictionary of the English Language 2711 (4th Ed. 1923).

Therefore, since Mary Trathen Kerrigan remarried on May 26, 1945 before Catherine Wills Trathen died, Mary Trathen Kerrigan lost her status as Henry R. Trathen's widow and thereafter was not entitled to receive any installments remaining unpaid at the named beneficiary's death.

Moreover, the intent of Congress in passing the National Service Life Insurance Act was to provide a method whereby the dependents and other close relatives of service personnel killed in action would be assisted during the period of adjustment following the death. This intent is evidenced not only in Section 602(h) but also in Sections 602(d), (g) and (j) which limit possible beneficiaries to the serviceman's immediate family and closest relatives. See United States v. Kwasniewski, D.C., 91 F. Supp. 847, 853; McDonald v. United States, D.C., 91 F.Supp. 163, 170; Neuhard v. United States, D. C., 83 F.Supp. 911, 914.

I think it apropos to observe that obviously the marriage of Henry R. Trathen and Mary Trathen Kerrigan was not overly compatible since he saw fit to name his mother rather than his wife as his sole beneficiary and since his wife remarried less than two months after his death, and that his wife has in no way been dependent upon him or his estate since at least the time of her remarriage.

To hold as defendant and additional defendant contend would be to omit completely the words "then in being" and to make the statute read "to the person or persons within the classes hereinafter specified and in the order named".

Congress used the words "then in being" deliberately. To interpret the statute as the defendant and additional defendant desire would render these words meaningless, and would be contrary to the rule of statutory construction that courts must not interpret statutes in such a manner as to make any part superfluous unless no other construction is reasonably possible. Platt v. Union Pacific Railroad Company, 99 U.S. 48, 58–59, 25 L.Ed. 424; Smith v. Day & Zimmerman, Inc., D.C., 65 F.Supp. 209, 211.

Furthermore, the statute expressly prohibited Mary Trathen Kerrigan's right from vesting at the time of Henry R. Trathen's death in 1945. Section 602(i) [6] provides that "No person shall have a vested right to any installment or installments * * *."

All cases cited by defendant and additional defendant are distinguishable from the instant case. Those cases under the National Service Life Insurance Act raised the question whether the deceased's "wife" was his lawful wife so as to be able to take the proceeds immediately upon his death, not as in the instant case whether the lawful wife must remain unmarried in order to qualify as his widow upon the death of the named beneficiary.

Two cases were called to my attention wherein the widow, claiming the install-

---

6.  38 U.S.C.A. § 802(i). An amendment of August 1, 1946 made this subsection inapplicable to insurance maturing on or after that date. Under defendant's and addi-tional defendant's argument. Henry R. Trathen's insurance matured when he died on April 12, 1945.

ments remaining unpaid upon the death of the named beneficiary, had remarried sometime prior to the determination of those suits. However, the precise issue now before me apparently was not presented in those cases, for it was not considered in those opinions. See Angle v. Baker, D.C., 94 F.Supp. 386; Blanchard v. United States, D.C., 91 F.Supp. 889.

Accordingly, for the reasons stated in the foregoing opinion, the defendant's motion for summary judgment in favor of additional defendant is denied. Plaintiff's motion for summary judgment is granted.